[No. B056343. Second Dist., Div. One. Nov. 13, 1991.]

RONALD CAPOTOSTO et al., Plaintiffs and Respondents, v.
HAROLD L. COLLINS, Defendant and Appellant;
THOMAS J. MILLER, Movant and Respondent.

COUNSEL

Harold L. Collins, in pro. per., for Defendant and Appellant.

Parker, Milliken, Clark, O'Hara & Samuelian and James G. Faust for Plaintiffs and Respondents and for Movant and Respondent.

## OPINION

**ORTEGA, J.**—Attorney Harold L. Collins (Collins) appeals from the trial court's order awarding Attorney Thomas J. Miller (Miller) $1,500 in sanctions (Code Civ. Proc., §§ 128.5, 904.1, subd. (k))[1] against Collins. Collins and Miller sought sanctions against each other in the underlying case. We reject Collins's contention that the trial court should have awarded him sanctions against Miller. However, we conclude the trial court erred in awarding Miller sanctions because he lacked standing to seek sanctions against Collins. We reverse the sanctions order.

### FACTS

Collins represented Ronald Capotosto's (Capotosto) wife in a lengthy and acrimonious divorce against Capotosto. At one point, Collins served

---

[1]All further statutory references are to the Code of Civil Procedure.

Capotosto with an order to show cause regarding contempt and the two men got into a shoving match. As a result, on December 5, 1985, Capotosto, represented by Attorney Gregory Wood, sued Collins for assault and battery. Collins answered and alleged several affirmative defenses. On February 26, 1986, the trial court granted Capotosto's motion to strike some of Collins's affirmative defenses and his prayer for section 128.5 attorney's fees.

Nothing happened until August 1990, when Miller contacted Collins. Miller stated that Wood had left legal practice and Miller was taking over the case. However, Miller never formally substituted into the underlying case as Capotosto's attorney of record. Miller and Collins eventually negotiated a settlement in which Capotosto would dismiss the underlying case and pay Collins his costs, as well as unpaid attorney's fees, accrued interest, and costs remaining from an earlier fees and costs award to Collins in the divorce case. In exchange, Collins would waive any malicious prosecution rights against Capotosto and Wood.

However, the settlement collapsed because Capotosto was unable to pay the agreed amount. Collins then moved to dismiss the underlying case for failure to prosecute (§§ 583.310, 583.410) and sought sanctions (§ 128.5) against Capotosto, Wood, and Miller. Capotosto and Wood opposed Collins's dismissal and sanctions motion. Miller did not oppose Collins's motion but filed his own section 128.5 sanctions motion against Collins.

The trial court granted Collins's dismissal motion but denied his sanctions motion, and awarded Miller $1,500 in sanctions against Collins, because Collins "made no attempt to itemize as to . . . Miller, who has been involved in trying to resolve this case only since August 1990. . . . COL-LINS indicated that he has dealt with attorney Miller for 3-4 hours total. COLLINS' request for fees stems from purported activity as early as 1986. The majority of itemization is for matters that could not be the subject of fees pursuant to . . . § 128.5 as to any person. [¶] The unapportioned request for fees of $7,093.00 as to . . . Miller can only be construed as an attempt to harass and has no legitimate, rational, factual basis. . . . "

## ISSUE

Collins contends Miller lacked standing to seek section 128.5 sanctions against him, and that the trial court erred in denying Collins's sanctions motion.

## DISCUSSION

Collins's contention that Miller lacked standing to seek section 128.5 sanctions against him is well taken. "Every trial court may order a *party, the*

*party's attorney, or both* to pay any reasonable expenses, including attorney's fees, *incurred by another party* as a result of bad-faith actions or tactics that are frivolous or solely intended to cause unnecessary delay. . . ." (§ 128.5, subd. (a), italics added.) As correctly noted by Collins, section 128.5 authorizes only an aggrieved *party* to seek sanctions, which may be assessed against a party, the party's attorney or both. Miller was neither a party nor an attorney for a party. Section 128.5 "does not authorize imposing sanctions against an attorney of a nonparty, nor does it contemplate imposing sanctions on an attorney who is not of record and is simply associated to a party through separate litigation pursued entirely in a foreign jurisdiction. [Citation.]" (*County of Imperial* v. *Farmer* (1988) 205 Cal.App.3d 479, 485 [252 Cal.Rptr. 382].) "Section 128.5 thus enables the trial court to impose sanctions on a party, the party's attorney, or on both. [¶] . . . [S]ection 128.5 enables a trial court to impose sanctions against an attorney, a client/party, or both, and in favor of another, opposing party to pay reasonable expenses, including attorney's fees, which another, opposing party incurs because of frivolous or dilatory bad-faith actions or tactics. [¶] Cases imposing section 128.5 sanctions do so only against a party or a party's attorney, and in favor of an opposing party or an opposing party's attorney. [Citations.]" (*Rabbitt* v. *Vincente* (1987) 195 Cal.App.3d 170, 174-175 [240 Cal.Rptr. 524].)

Miller's contention that Collins made him a party authorized to seek section 128.5 sanctions when Collins sought sanctions against him is not supported by any cited authority. *Bauguess* v. *Paine* (1978) 22 Cal.3d 626, 634, footnote 3 [150 Cal.Rptr. 461], states that a party's attorney ordered to pay sanctions to the opposing party's attorney could appeal that order. Likewise, *Ellis* v. *Roshei Corp.* (1983) 143 Cal.App.3d 642, 645, footnote 3 [192 Cal.Rptr. 57], merely permitted a sanctioned party's attorney to appeal the order. Both cases stated that the sanctioned attorneys, while not parties in the underlying lawsuits, were, for purposes of appeal, parties in the collateral sanctions matters. Later, section 904.1, subdivision (k) codified a sanctioned attorney's right to appeal sanctions exceeding $750. Miller could have appealed had the trial court imposed sufficient sanctions against him. Neither case suggests that attorneys who neither are nor represent parties become parties authorized to seek section 128.5 sanctions if erroneously targeted for sanctions by an opponent.

Finally, *Frank Annino & Sons Construction, Inc.* v. *McArthur Restaurants, Inc.* (1989) 215 Cal.App.3d 353, 357-359 [263 Cal.Rptr. 592], affirmed the trial court's award of section 128.5 sanctions to a dismissed defendant against the plaintiff based on the plaintiff's conduct before the dismissal. The *Annino* court distinguished *Rabbit* v. *Vincente, supra,* 195 Cal.App.3d at

page 174 because "*Rabbit* held the court lacked jurisdiction to award sanctions under section 128.5 to a person who had been dismissed from the action when the bad faith tactics occurred *after* her dismissal and related to her role as a witness, not a party." (*Frank Annino & Sons Construction, Inc.* v. *McArthur Restaurants, Inc., supra,* 215 Cal.App.3d at p. 358, fn. 3.) The *Annino* court based its holding on the need to prevent abusive parties from escaping sanctions for bad faith conduct by dismissing opposing parties which suffered from such tactics before being dismissed.

On the other hand, while we must reverse the trial court's order awarding Miller sanctions against Collins, we feel no sympathy for Collins, who got himself into this predicament by erroneously seeking sanctions against Miller. As Collins himself strenuously argued when it suited his purpose, Miller neither was nor represented a party, and thus Collins could not subject Miller to section 128.5 sanctions. (*County of Imperial* v. *Farmer, supra,* 205 Cal.App.3d at pp. 484-486; *Rabbitt* v. *Vincente, supra,* 195 Cal.App.3d at pp. 174-175.) Thus, we reject Collins's contentions that the trial court erred in not awarding him sanctions against Miller and otherwise abused its discretion.

For obvious reasons, we deny Miller's request for appellate sanctions.

In conclusion, this case reminds us of a recent case in which two lawyers got into a shoving match during a discovery dispute. "Not willing to resolve the . . . dispute between themselves like professionals, they each ran to an already overburdened superior court for relief. [¶] After patiently listening to both counsel carry on, the trial court imposed . . . sanctions . . . . And, predictably, here came the appeal." (*Slemaker* v. *Woolley* (1989) 207 Cal.App.3d 1377, 1379 [255 Cal.Rptr. 532].) " 'We conclude by reminding members of the Bar that their responsibilities as officers of the court include professional courtesy to the court and to opposing counsel. All too often today we see signs that the practice of law is becoming more like a business and less like a profession. We decry any such change, but the profession itself must chart its own course. The legal profession has already suffered a loss of stature and of public respect. This is more easily understood when the public perspective of the profession is shaped by cases such as this where lawyers await the slightest provocation to turn upon each other. Lawyers and judges should work to improve and enhance the rule of law, not allow a return to the law of the jungle.' " (*Id.* at pp. 1382-1383, quoting from *Lossing* v. *Superior Court* (1989) 207 Cal.App.3d 635, 641 [255 Cal.Rptr. 18].)

## Disposition

We reverse the judgment ordering Collins to pay Miller $1,500 in sanctions. Each litigant is to bear his own costs.

Spencer, P. J., and Vogel, J., concurred.