[No. B143328. Second Dist., Div. Five. Oct. 21, 2002.]

TERENCE J. MIX, Plaintiff and Appellant, v.
TUMANJAN DEVELOPMENT CORPORATION, Defendant and
Appellant.

TUMANJAN DEVELOPMENT CORPORATION, Plaintiff and Appellant,
v.
TERENCE J. MIX, Defendant and Appellant.

**[Opinion certified for partial publication.\*]**

*Pursuant to California Rules of Court, rules 976(b) and 976.1, this opinion is certified for publication with the exception of parts II. and III. of the Discussion.

COUNSEL

Terence J. Mix, in pro. per.; and Julie Sullwold Hernandez for Plaintiff and Appellant and Defendant and Appellant Terence J. Mix.

Grebow & Yee and James A. Flanagan for Defendant and Appellant and Plaintiff and Appellant Tumanjan Development Corporation.

## OPINION

**GRIGNON, Acting P. J.**—In the published portion of this opinion, we hold that an attorney representing himself or herself, who prevails in an action on a contract with an attorney fee provision, may recover reasonable attorney fees incurred for legal services of other attorneys who assist the pro se attorney in the prosecution or defense of the action, even if the assisting attorneys do not appear as attorneys of record in the action. We conclude the trial court properly awarded attorney fees. In the unpublished portion of this opinion we conclude substantial evidence supports the trial court's finding the fees were incurred and the fees were not excessive. However, the trial court overlooked certain postjudgment attorney fees requested. We reverse and remand for a determination of those fees.

### FACTS AND PROCEDURAL BACKGROUND

In 1989, landlord Tumanjan Development Corporation (TDC) leased office space to Terence J. Mix, a personal injury attorney. The written lease agreement included an attorney fee provision: "If Tenant or Landlord shall bring any action for any relief . . . arising out of or under this Lease, including any suit by Landlord for the recovery of rent or possession of the Premises, the losing party shall pay the successful party its costs of suit or arbitration, including without limitation, a reasonable sum for attorneys' fees in such suit or arbitration and such attorneys' fees shall be deemed to have accrued on the commencement of such action and shall be paid whether or not such action is prosecuted to judgment."

In 1995, Attorney Mix filed a complaint in propria persona against TDC for fraud, rescission, breach of contract, declaratory relief, and an accounting, alleging he had been overcharged for rent. Attorney Mix vacated the premises in 1996. TDC filed a complaint against Attorney Mix for breach of the written lease agreement. Attorney Mix filed an answer to TDC's complaint in propria persona. The actions were consolidated for trial.

In April 1997, Attorney Mix retained the law firm of Allen, Matkins, Leck, Gamble & Mallory (Allen Matkins) to analyze legal and factual issues, help with trial strategy, and assist Attorney Mix in all aspects of the litigation, including trial preparation. Attorney Mix worked with Allen Matkins partner Charles Kenworthy and senior associate Adela Carrasco, both of whom have significant experience in real estate law. Allen Matkins did not formally associate in the litigation as counsel of record for Attorney Mix, except once for the limited purpose of filing a reply brief and presenting oral argument on a summary judgment motion.

During trial, Attorney Mix conducted the courtroom proceedings. Attorneys Kenworthy and Carrasco drafted motions in limine, researched legal

issues, drafted jury instructions and a special verdict form, helped with trial strategy, conducted the examination of Attorney Mix, and received the jury verdict. The jury found in favor of Attorney Mix in both actions, awarding him damages of $59,778. The trial court entered judgment in favor of Attorney Mix on September 15, 1997. On September 24, 1997, Allen Matkins formally associated in the litigation as counsel of record for Attorney Mix for all purposes.

Attorney Mix filed a motion for attorney fees and costs. TDC filed a motion to tax costs and an opposition to the motion for attorney fees.

On December 1, 1997, the trial court granted TDC's motion for new trial on the ground of juror misconduct. Attorney Mix appealed. An appellate specialist represented Attorney Mix on appeal. We reversed the order granting the new trial and remanded the matter to the trial court with directions to reinstate the judgment in favor of Attorney Mix and rule on costs and attorney fees.[1]

On February 4, 2000, Attorney Mix filed a postappeal motion for attorney fees and costs. He sought $113,560.50 in attorney fees of Allen Matkins that he had incurred and paid. On February 10, 2000, Allen Matkins again associated in the litigation for the limited purpose of representing Attorney Mix on his postappeal motion for attorney fees and costs. TDC filed a new, comprehensive motion to tax costs and opposition to the motion for attorney fees. A hearing was held on May 17, 2000. Counsel for Attorney Mix noted that Attorney Mix was not seeking fees for his own time. The trial court found some of the fees to be excessive, but awarded attorney fees of Allen Matkins to Attorney Mix in the amount of $87,243. TDC and Attorney Mix both appealed.

## DISCUSSION

### I. Right to Attorney Fees

TDC contends Attorney Mix is not entitled to recover contractual attorney fees for legal services performed by other attorneys, because Attorney Mix litigated the action in propria persona. We are not persuaded by this contention.

"California follows what is commonly referred to as the American rule, which provides that each party to a lawsuit must ordinarily pay his own

---

[1]Attorney Mix's request for judicial notice of the record and opinion in the first appeal is granted.

attorney fees. [Citations.] The Legislature codified the American rule in 1872 when it enacted Code of Civil Procedure section 1021, which states in pertinent part that 'Except as attorney's fees are specifically provided for by statute, the measure and mode of compensation of attorneys and counselors at law is left to the agreement, express or implied, of the parties. . . .' " (*Trope v. Katz* (1995) 11 Cal.4th 274, 278-279 [45 Cal.Rptr.2d 241, 902 P.2d 259].) ■ "Although Code of Civil Procedure section 1021 gives individuals a rather broad right to 'contract out' of the American rule by executing such an agreement, these arrangements are subject to the restrictions and conditions of [Civil Code] section 1717 in cases to which that provision applies." (*Id.* at p. 279.) "[Civil Code s]ection 1717, subdivision (a), provides in pertinent part that 'In any action on a contract, where the contract specifically provides that attorney's fees and costs, which are incurred to enforce that contract, shall be awarded either to one of the parties or to the prevailing party, then the party who is determined to be the party prevailing on the contract, whether he or she is the party specified in the contract or not, shall be entitled to reasonable attorney's fees in addition to other costs.' " (*Ibid.*) Civil Code section 1717 applies to both unilateral and reciprocal attorney fee provisions. (*PLCM Group, Inc. v. Drexler* (2000) 22 Cal.4th 1084, 1091 [95 Cal.Rptr.2d 198, 997 P.2d 511].)

■ An attorney who chooses to represent himself or herself, and does not pay or become liable to pay any sum out of pocket for legal services, may not recover reasonable attorney fees as compensation for the time and effort expended by the attorney and the professional business opportunities lost as a result. (*Trope v. Katz, supra,* 11 Cal.4th at p. 279.) An attorney litigating in propria persona does not "incur" compensation for the attorney's time and lost business opportunities. (*Id.* at p. 280.) An attorney litigating in propria persona neither pays nor becomes liable to pay compensation or consideration in exchange for legal services. (*Ibid.*) To permit an attorney in propria persona to recover for the attorney's time while not allowing a nonattorney in propria persona to recover for the nonattorney's time would create disparate treatment of pro se litigants on the basis of their occupations; such disparate treatment would conflict with the legislative purpose of Civil Code section 1717. (*Trope v. Katz, supra,* 11 Cal.4th at p. 285.)

"[T]he term 'attorney fees' implies the existence of an attorney-client relationship, i.e., a party receiving professional services from a lawyer." (*PLCM Group, Inc. v. Drexler, supra,* 22 Cal.4th at p. 1092 [in-house counsel].) The existence of an attorney-client relationship means that the attorney is not representing the attorney's own personal interests. (*Id.* at p. 1093.) An attorney owes fiduciary and ethical obligations to a client. (*Id.* at p. 1094.) " ' "Even a skilled lawyer who represents himself is at a disadvantage in contested litigation. Ethical considerations may make it inappropriate

for him to appear as a witness. He is deprived of the judgment of an independent third party in framing the theory of the case, evaluating alternative methods of presenting the evidence, cross-examining hostile witnesses, formulating legal arguments, and in making sure that reason, rather than emotion, dictates the proper tactical response to unforeseen developments in the courtroom." ' " (*Id.* at p. 1092.)

██ An individual who elects to represent himself or herself may also retain counsel to assist in the prosecution or defense of the action. The retained attorney hired to assist a litigant in propria persona has an attorney-client relationship with the litigant and owes the litigant fiduciary and ethical obligations. Such a retained attorney serves the purposes of providing an independent third party's judgment and a means of examination if the litigant is also a witness. "Legal counsel is just as necessary—perhaps more necessary—for the party who endeavors to represent himself, as it is for the person who has counsel of record. We certainly think it unwise to adopt a policy which would dissuade litigants from retaining attorneys to assist in lawsuits before the attorney appears with respect to filed documents." (*West Coast Development v. Reed* (1992) 2 Cal.App.4th 693, 706-707 [3 Cal.Rptr.2d 790] [Code Civ. Proc., § 128.5 sanctions]; accord, *Dowling v. Zimmerman* (2001) 85 Cal.App.4th 1400, 1423-1425 [103 Cal.Rptr.2d 174] [Code Civ. Proc., § 425.16, subd. (c) (SLAPP)].) If an attorney is in fact retained by the pro se litigant and renders legal services assisting in the lawsuit, the attorney need not be an attorney of record in order for the reasonable fees of the attorney to be awarded to a prevailing party. (*West Coast Development v. Reed, supra,* 2 Cal.App.4th at pp. 706-707.) Moreover, a rule permitting a litigant in propria persona to recover attorney fees for the legal services of assisting attorneys may be applied equally to both attorney and nonattorney pro se litigants.

It is not unusual for a litigant to be represented by more than one attorney. For example, a litigant may be represented by both privately retained counsel and in-house counsel. (See *Garfield Bank v. Folb* (1994) 25 Cal.App.4th 1804, 1808-1809 [31 Cal.Rptr.2d 239], disapproved on other grounds in *Trope v. Katz, supra,* 11 Cal.4th at p. 292.) In those cases, a litigant entitled to an attorney fee award may recover attorney fees for both private counsel and in-house counsel, provided the legal services are not unnecessarily duplicative. (*Ibid.*)

██ In this case, Attorney Mix elected to represent himself in the prosecution and defense of the actions on the lease agreement. He is not entitled to nor does he seek compensation for the time he spent litigating the action. However, Attorney Mix retained Allen Matkins to perform legal

services in addition to his own services. Attorney Mix incurred and paid compensation to Allen Matkins for legal services rendered in connection with the litigation. The lease agreement provides for an award of reasonable attorney fees incurred to enforce the lease agreement. The fees of Allen Matkins were incurred to enforce the lease agreement.

It is true that Allen Matkins was not an attorney of record at all times during the prosecution and defense of the case. However, Allen Matkins actively participated in the proceedings by preparing a reply and arguing a motion for summary judgment, examining Attorney Mix as a witness at the trial, preparing jury instructions and a verdict form, preparing motions in limine, and otherwise assisting in the preparation and presentation of the case. There is no authority or reason to require a formal association on the record in order for attorney fees to be recoverable.[2]

TDC argues that we should not permit an attorney in propria persona to recover attorney fees for retained counsel, because this would permit attorneys to engage in subterfuges in order to recover compensation for their own legal services. There is, of course, no suggestion of such a subterfuge in this case. Moreover, "the theoretical possibility that *some* attorneys could do so in the future does not justify a rule that would" prohibit all pro se attorneys from recovering legitimate attorney fees of assisting attorneys. (*Trope v. Katz, supra,* 11 Cal.4th at p. 290.) "To embrace such reasoning would in effect be to conclude that any rule that some individuals may attempt to circumvent or violate should be abandoned so as not to encourage such conduct. . . . It would follow, for example, that there should be no contracts because people may break them, no tax laws because people may avoid them." (*Ibid.*)

We conclude the trial court properly awarded attorney fees to Attorney Mix for the legal services rendered to Attorney Mix by the law firm of Allen Matkins.

II., III.*

.   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .

---

[2]TDC complains that attorneys who are not of record are not liable for sanctions pursuant to Code of Civil Procedure section 128.5, and, therefore, attorney fees should not be awarded for their services under Civil Code section 1717. (*Capotosto v. Collins* (1991) 235 Cal.App.3d 1439, 1441-1443 [1 Cal.Rptr.2d 470]; *County of Imperial v. Farmer* (1988) 205 Cal.App.3d 479, 484-486 [252 Cal.Rptr. 382].) This is a matter of the interpretation of two different statutes; the two rules are not inconsistent.

*See footnote, *ante*, page 1318.

## DISPOSITION

The postjudgment order awarding attorney fees is reversed only to the extent the trial court failed to award any fees for the legal services of Allen Matkins rendered between January and May 2000. The matter is remanded to the trial court solely for determination of reasonable attorney fees for that period. Plaintiff and appellant Terence J. Mix is awarded his costs on appeal.

Armstrong, J., and Mosk, J., concurred.