[No. B215544. Second Dist., Div. Five. May 10, 2011.]

CARPENTER & ZUCKERMAN, LLP, et al., Plaintiffs and Appellants, v. PAUL COHEN et al., Defendants and Respondents.

**COUNSEL**

Cook Collection Attorneys, David J. Cook, Robert J. Perkiss and Nathaniel L. Dunn for Plaintiffs and Appellants.

Excelus Law Group and William W. Bloch for Defendants and Respondents.

**OPINION**

**MOSK, J.—**

## INTRODUCTION

The trial court, in granting defendants' request to strike plaintiffs' memorandum of costs seeking attorney fees incurred as the prevailing parties in a prior appeal, concluded that a law firm and its two partners, by using an associate in the law firm, had, in effect, represented themselves in the prior appeal. In this appeal, plaintiffs contend that the trial court erred in granting the motion to tax costs because the attorney who represented them on appeal was not a partner and otherwise had no financial interest in their law firm. Also, plaintiffs contend that, even if the law firm plaintiff cannot recover fees

for the legal services of the associate, the individual plaintiffs can recover fees attributable to that associate's services rendered on their behalf.

In affirming the order denying plaintiffs' request for attorney fees for services rendered by the associate to the firm and its partners, we hold that (1) substantial evidence supports the trial court's finding that the attorney who represented plaintiffs in the prior appeal was doing so as an associate of the law firm and not as an independent contractor, and, therefore, plaintiffs legally are not entitled to an award of attorney fees and (2) the trial court was justified in concluding that based on the record, the individual plaintiffs could not recover attorney fees in connection with the appeal because there was no showing of any distinction between the cross-claims against the law firm plaintiff and those against the individual plaintiffs.

## PROCEDURAL BACKGROUND

Defendants and respondents Paul Cohen and Personal Injury Solutions, Inc.,[1] filed a cross-complaint against plaintiffs and appellants—the law firm of Carpenter & Zuckerman, LLP (limited liability partnership), and its partners, John Carpenter and Paul Zuckerman (collectively plaintiffs)— alleging interference with economic advantage and defamation. The trial court granted plaintiffs' special motion to strike that cross-complaint pursuant to Code of Civil Procedure section 425.16 (section 425.16)—the anti-SLAPP (strategic lawsuit against public participation) statute. Defendants appealed from, inter alia, the orders granting the special motion to strike and awarding attorney fees as costs. We dismissed defendants' appeal as untimely and awarded to plaintiffs reasonable attorney fees incurred on appeal pursuant to section 425.16, subdivision (c) as prevailing parties on defendants' appeal.

Plaintiffs submitted a memorandum of costs in the trial court listing a single item of cost in the amount of $33,168.75 for "Attorneys' Fees (including [a] lodestar enhancement)." At a subsequent hearing, however, the trial court could not locate the cost memorandum in the court file. As a result, plaintiffs filed a motion for an order deeming a new memorandum of costs filed nunc pro tunc. The trial court granted the motion, and defendants then moved to tax costs on the ground that plaintiffs' were not entitled to attorney fees because they represented themselves on appeal.

Plaintiffs opposed the motion to tax costs and submitted two declarations of Attorney Candice Klein in support of their opposition. In the first of those

---

[1] During the pendency of this appeal, the corporate respondent, Personal Injury Solutions, Inc., was suspended by the Secretary of State. Effective November 1, 2010, that corporate defendant was revived under a new corporate name, Adult Entertainment Law, Inc. Accordingly, plaintiffs' motion to strike the corporate respondent's brief is denied.

declarations, Ms. Klein asserted that plaintiffs "retained" her to represent them in connection with defendants' appeal from the orders striking their cross-complaint and awarding plaintiffs' attorney fees. According to Ms. Klein, she was not a partner in the Carpenter & Zuckerman law firm, had no personal interest in the underlying litigation, and provided legal services to that firm on "an independent contractor basis." Ms. Klein also declared that plaintiffs entered into a contingency fee agreement with her under which she was entitled to any attorney fees awarded to plaintiffs in connection with defendants' appeal.[2] She declared that she had an attorney-client relationship with each of the plaintiffs that entitled her "to charge for her work." She further declared that she expended 76.25 hours litigating the appeal on behalf of plaintiffs, that her hourly rate for appellate work was $290 an hour, and that she was entitled to a lodestar enhancement of 1.5. Based on the number of hours expended and her stated hourly rate, Ms. Klein calculated that her lodestar amount should be $22,112.50, and that when multiplied by a factor of 1.5, plaintiffs were entitled to a total of $33,168.75 in attorney fees.

At the hearing on the motion to tax costs, the trial court considered a prior declaration filed by plaintiff John Carpenter.[3] In that declaration, Mr. Carpenter stated that "Candice S. Klein was at all relevant times to this litigation and through the present day remains an associate in my firm." The trial court also considered a copy of a page from the State Bar of California Web site that listed Ms. Klein's address of record as "Carpenter & Zuckerman, 8827 W. Olympic Blvd[.], Beverly Hills, CA 90211." Based on that evidence, the trial court found Ms. Klein to be an associate of Carpenter & Zuckerman at the time she represented plaintiffs on the appeal from the order striking defendants' cross-complaint. The trial court also concluded that although Mr. Carpenter and Mr. Zuckerman were named in their individual capacities in the cross-complaint, there was no indication in the record that there was any potential individual liability, separate and apart from the potential liability of their law firm. Accordingly, the trial court in granting defendants' motion to tax costs ruled that plaintiffs were not entitled to recover attorney fees because attorneys who represent themselves, or a law firm that represents itself, in litigation cannot recover attorney fees based on such representation. The trial court considered and rejected plaintiffs assertion that the decision in *Gilbert v. Master Washer & Stamping Co.* (2001) 87 Cal.App.4th 212 [104 Cal.Rptr.2d 461] (*Gilbert*) applied to the facts of this case. As discussed below, the court in *Gilbert* held that when an attorney who is sued in a matter involving his "personal interests" is represented by another partner in his law firm, the attorney may recover attorney fees under Civil Code section 1717 for services rendered by that partner. (87 Cal.App.4th at p. 214.)

---

[2] There was no evidence of a written contingency fee agreement.

[3] This declaration by Mr. Carpenter originally was submitted in support of plaintiffs' motion for an order deeming the memorandum of costs on appeal filed nunc pro tunc.

## DISCUSSION

### A. *Standards of Review*

" ' "An order granting or denying an award of attorney fees is generally reviewed under an abuse of discretion standard of review; however, the 'determination of whether the criteria for an award of attorney fees and costs have been met is a question of law.' [Citations.]" ' " (*SC Manufactured Homes, Inc. v. Canyon View Estates, Inc.* (2007) 148 Cal.App.4th 663, 673 [56 Cal.Rptr.3d 79].) An issue of law concerning entitlement to attorney fees is reviewed de novo. (See *Conservatorship of Whitley* (2010) 50 Cal.4th 1206, 1213–1214 [117 Cal.Rptr.3d 342, 241 P.3d 840]; *Sessions Payroll Management, Inc. v. Noble Construction Co.* (2000) 84 Cal.App.4th 671, 677 [101 Cal.Rptr.2d 127].) "When a trial court has resolved a disputed factual issue, an appellate court reviews the ruling according to the substantial evidence rule. The trial court's resolution of the factual issue must be affirmed if it is supported by substantial evidence. (*Winograd* v. *American Broadcasting Co.* (1998) 68 Cal.App.4th 624, 632 [80 Cal.Rptr.2d 378].) We look at the evidence in support of the trial court's finding, resolve all conflicts in favor of the respondent and indulge in all legitimate and reasonable inferences to uphold the finding." (*Heppler v. J.M. Peters Co.* (1999) 73 Cal.App.4th 1265, 1290 [87 Cal.Rptr.2d 497].)

### B. *Case Law*

The issue on appeal involves a line of cases dealing with attorney fee awards for pro se[4] attorney litigants, beginning with our Supreme Court's decision in *Trope v. Katz* (1995) 11 Cal.4th 274 [45 Cal.Rptr.2d 241, 902 P.2d 259] (*Trope*). In that case, the individual partners of a law firm, acting in propria persona, successfully sued the firm's client to recover unpaid fees pursuant to a retainer agreement. (*Id.* at p. 278.) Although the caption of the case lists as the plaintiffs "*Sorrell Trope et al.*" (*id.* at p. 274, italics added, some capitalization omitted), the Supreme Court opinion states that "Trope & Trope" sued the defendants (*id.* at p. 278). The Supreme Court apparently treated the firm and its individual partners "as interchangeable." (*Gilbert, supra*, 87 Cal.App.4th at p. 217, fn. 14.) Following entry of judgment in their

---

[4] "Pro se," "in propria persona," "pro persona" and "pro. per." can be used interchangeably. "In propria persona" means "in one's own proper person"; "pro se" means, "[f]or himself; on his own behalf; in person." (Black's Law Dict. (3d ed. 1933) 937, 1426.) In the United Kingdom, those unrepresented are referred to as " 'litigants in person.' " (Goldschmidt, *The Pro Se Litigant's Struggle for Access to Justice* (2002) 40 Fam. Ct. Rev. 36, 54, fn. 1.) Originally, "In propria persona," was used to describe an old English pleading by which the party appeared in person to challenge jurisdiction. (De Witt, *On One's Own* (Oct. 2010) 47 Ariz. Attorney 8; Black's Law Dict. (5th ed. 1979) p. 712.)

favor, the plaintiffs moved for an award of attorney fees under the attorney fee provision in the retainer agreement. (*Ibid.*) The trial court denied the motion on the grounds that the law firm had represented itself in the litigation, and the Court of Appeal affirmed. (*Ibid.*)

On review, the Supreme Court in *Trope, supra,* 11 Cal.4th 274 began its analysis by noting that the issue was controlled by Civil Code section 1717.[5] (*Trope, supra,* 11 Cal.4th at p. 279.) According to the court, the issue before it was "whether an attorney who chooses to represent himself—and therefore does not pay or become liable to pay any sum out of pocket for such representation—can nevertheless recover 'reasonable attorney's fees' under [Civil Code] section 1717 as compensation for the time and effort expended and the professional business opportunities lost as a result." (*Ibid.*)

The court in *Trope, supra,* 11 Cal.4th 274 concluded that to allow pro se attorney litigants to recover fees to compensate them for their time would result in disparate treatment of attorney and nonattorney pro se litigants, and reasoned as follows: "Let us assume for the sake of discussion that . . . an attorney litigant devotes as much time and effort to litigating a matter on his own behalf as he does to litigating a case on behalf of a client, and that his time is equally valuable whether he is acting on behalf of himself or of a client. It does not necessarily follow from this premise, however, that he is entitled to receive compensation from his opponent simply because the time he devotes to litigating a matter on his own behalf has value. The time that a doctor, for example, spends litigating a case on his own behalf also has value, both to the doctor himself and to society generally, for that time could otherwise be spent treating the sick or pursuing medical research for the benefit of all; an architect's time could otherwise be spent designing or building houses; a painter's time could be spent creating works of art for future generations to enjoy. However, it is clear that when it enacted [Civil Code] section 1717 the Legislature did not intend to allow doctors, architects, painters, or any other nonattorneys to receive compensation for the valuable time *they* spend litigating a contract matter on their own behalf. [Citations.] . . . There is no support in either the language or legislative history of [Civil Code] section 1717 for . . . disparate treatment of pro se litigants on the basis of their occupations." (*Id.* at pp. 284–285.) The court explained that "such disparate treatment would conflict with the legislative purpose of [Civil Code] section 1717. The statute was designed to establish mutuality of

---

[5] Civil Code section 1717, subdivision (a) provides in pertinent part: "In any action on a contract, where the contract specifically provides that attorney's fees and costs, which are incurred to enforce that contract, shall be awarded either to one of the parties or to the prevailing party, then the party who is determined to be the party prevailing on the contract, whether he or she is the party specified in the contract or not, shall be entitled to reasonable attorney's fees in addition to other costs."

remedy when a contractual provision makes recovery of attorney fees available to only one party, and to prevent the oppressive use of one-sided attorney fee provisions. (*Hsu* v. *Abbara* [(1995)] 9 Cal.4th 863, 870–871 [39 Cal.Rptr.2d 824, 891 P.2d 804]; *Reynolds Metals Co.* v. *Alperson* (1979) 25 Cal.3d 124, 128 [158 Cal.Rptr. 1, 599 P.2d 83]; see generally, Acoba, *Recovery of Attorney's Fees in Actions to Enforce Contracts: California Civil Code Section 1717* (1985) 12 Western St. U. L.Rev. 751.) If an attorney who is the prevailing party in an action to enforce a contract with an attorney fee provision can recover compensation for the time he expends litigating his case in propria persona, but a nonattorney pro se litigant cannot do so regardless of the personal and economic value of such time simply because he has chosen to pursue a different occupation, *every* such contract would be oppressive and one-sided." (*Id.* at pp. 285–286.)

■ To ensure that all pro se litigants would be treated equally under Civil Code section 1717, the court in *Trope, supra*, 11 Cal.4th 274 said that because pro se attorney litigants do not incur an obligation to pay attorney fees when representing themselves, such attorney litigants are not entitled to recover attorney fees under Civil Code section 1717. The court held "that an attorney who chooses to litigate in propria persona and therefore does not pay or become liable to pay consideration in exchange for legal representation cannot recover 'reasonable attorney's fees' under [Civil Code] section 1717 as compensation for the time and effort he expends on his own behalf or for the professional business opportunities he forgoes as a result of his decision." (*Trope, supra*, 11 Cal.4th at p. 292.)

■ The Supreme Court in *PLCM Group, Inc.* v. *Drexler* (2000) 22 Cal.4th 1084 [95 Cal.Rptr.2d 198, 997 P.2d 511] (*PLCM*) decided an issue it had left open in *Trope, supra*, 11 Cal.4th 274—whether a corporate litigant represented by in-house counsel, i.e., counsel who is an employee of the party, can recover attorney fees under Civil Code section 1717 based on the services of that counsel. In *PLCM*, a claims administrator (PLCM) for an insured attorney's malpractice carriers sued the attorney to recover amounts advanced on his behalf to his defense attorneys in the underlying malpractice action. (*PLCM, supra*, 22 Cal.4th at p. 1089.) PLCM contended that the amounts it had advanced were within the malpractice policy's deductible. (*Ibid.*) PLCM was represented in the collection action by an in-house attorney. (*Id.* at pp. 1089–1090.) Following a verdict in its favor, PLCM moved for a fee award based upon the services rendered by its in-house counsel. (*Id.* at p. 1090.) The attorney defendant moved to tax costs on the ground, inter alia, that fees could not be awarded for those services. (*Ibid.*) The trial court awarded PLCM the requested fees, and the Court of Appeal affirmed. (*Ibid.*)

In affirming the award of attorney fees, the Supreme Court in *PLCM, supra*, 22 Cal.4th 1084, concluded that none of the factors that supported the denial

of the fee award to the pro se attorney litigant in *Trope, supra*, 11 Cal.4th 274 were present in the case before it. "There is no problem [in this case] of disparate treatment; in-house attorneys, like private counsel but unlike pro se litigants, do not represent their own personal interests and are not seeking remuneration simply for lost opportunity costs that could not be recouped by a nonlawyer. A corporation represented by in-house counsel is in an agency relationship, i.e., it has hired an attorney to provide professional legal services on its behalf. Nor is there any impediment to the effective and successful prosecution of meritorious claims because of possible ethical conflict or emotional investment in the outcome. The fact that in-house counsel is employed by the corporation does not alter the fact of representation by an independent third party. Instead, the payment of a salary to in-house attorneys is analogous to hiring a private firm on a retainer." (*PLCM, supra*, 22 Cal.4th at p. 1093.)

In *Gilbert, supra*, 87 Cal.App.4th 212, the Court of Appeal referred to the holdings in *Trope, supra*, 11 Cal.4th 274 and *PLCM, supra*, 22 Cal.4th 1084 in connection with a fee request made by an attorney who had been represented in a litigation by members of his own firm. (*Gilbert, supra*, 87 Cal.App.4th at p. 214.) In that case, the tenant, in a consolidated landlord-tenant case, sued his landlord and the landlord's attorney, Gernsbacher, alleging, inter alia, that Gernsbacher had wrongfully prevented the tenant from recovering its property from the leased premises. (*Ibid.*) It is not clear if Gernsbacher's alleged misconduct had occurred in the course of his firm's representation of the client, although the court said that the matter involved Gernsbacher's "personal interests." (*Ibid.*) Gernsbacher obtained a judgment in his favor and filed a motion for an order fixing attorney fees and costs. (*Id.* at p. 216.) The trial court, citing *Trope, supra*, 11 Cal.4th 274, denied Gernsbacher's attorney fees motion on the ground that he was represented by his law firm.

The court in *Gilbert, supra*, 87 Cal.App.4th 212 reversed the order denying fees. According to the court, the holding in *Trope, supra*, 11 Cal.4th 274 did not support the trial court's order denying fees to Gernsbacher, who had been represented by other attorneys in his firm. "Having examined the policy considerations leading to the *Trope* and *PLCM*[, *supra*, 22 Cal.4th 1084] decisions, we apply those considerations to the case before us. We hold Gernsbacher, as an attorney litigant represented by other attorneys in his firm, is not a litigant in propria persona and thus *Trope* does not bar his recovery of reasonable attorney fees under Civil Code section 1717." (*Gilbert, supra*, 87 Cal.App.4th at p. 220.) In reaching this conclusion, the court in *Gilbert* reasoned that an attorney who is represented by other attorneys in his firm " 'incurs' fees within the meaning of Civil Code section 1717. Either the represented attorney will experience a reduced draw from the partnership (or a reduced salary from the professional corporation) to account for the amount of time his or her partners or colleagues have specifically devoted to his or

her representation, or absorb a share of the reduction in other income the firm experiences because of the time spent on the case. This is different from the 'opportunity costs' the attorney loses while he or she is personally involved in the same case, because the economic detriment is caused not by the expenditure of his or her own time, but by other attorneys working on his or her behalf." (*Gilbert, supra,* 87 Cal.App.4th at p. 221.)

The distinction made in *Gilbert, supra,* 87 Cal.App.4th 212 between lost opportunity costs and a reduced draw or salary or other reductions in income because of time spent on the case is a bit obscure. For example, in *Trope, supra,* 11 Cal.4th 274, Trope & Trope, either as individuals or as a law firm consisting of more than one attorney, was represented by partners or associates in the firm. As a consequence, members of the firm would "absorb a share of the reduction in other income the firm experiences because of the time spent on the case" (*Gilbert, supra,* 87 Cal.App.4th at p. 221), which seems to be comparable to the so-called lost "opportunity costs." The Supreme Court in *Trope* did not draw the distinction made in *Gilbert.*

In *Witte v. Kaufman* (2006) 141 Cal.App.4th 1201 [46 Cal.Rptr.3d 845] (*Witte*), the plaintiff sued, inter alia, a law firm, KLA, for interference with contract. (*Id.* at p. 1206.) The trial court granted KLA's special motion to strike under section 425.16 and awarded that law firm attorney fees. (141 Cal.App.4th at p. 1206.) The plaintiff appealed from, inter alia, the order granting KLA attorney fees, contending that KLA was not entitled to attorney fees because it represented itself in the trial court. (*Id.* at p. 1207.)

The court in *Witte, supra,* 141 Cal.App.4th 1201 reversed the order awarding attorney fees to KLA, citing *Trope, supra,* 11 Cal.4th 274 and distinguishing both *PLCM, supra,* 22 Cal.4th 1084 and *Gilbert, supra,* 87 Cal.App.4th 212. "Here, unlike *PLCM* . . . and *Gilbert,* but like *Trope,* there is no attorney-client relationship between KLA and its individual attorneys. The individual KLA attorneys are not comparable to in-house counsel for a corporation, hired solely for the purpose of representing the corporation. The attorneys of KLA are the law firm's product. When they represent the law firm, they are representing their own interests. As such, they are comparable to a sole practitioner representing himself or herself. Where, as in *Gilbert,* an attorney is sued in his or her individual capacity and he obtains representation from other members of his or her law firm, those other members have no personal stake in the matter and may, in fact, charge for their work. Not so with a law firm that is sued in its own right and appears through various members. [¶] Here, KLA incurred no attorney fees in bringing its motion to strike, because all the work was done by members of the firm on their own behalf. Thus, KLA is not entitled to attorney fees." (*Witte, supra,* 141 Cal.App.4th at p. 1211.)

The court in *Gorman v. Tassajara Development Corp.* (2009) 178 Cal.App.4th 44 [100 Cal.Rptr.3d 152] (*Gorman*) ruled that *Trope, supra,* 11 Cal.4th 274 did not bar an attorney litigant from recovering fees incurred for the services of other attorneys and paralegals hired by the attorney to represent him, even if those other attorneys and paralegals worked for the attorney litigant's law firm. In that case, two homeowners, Attorney Gorman and his wife, sued a contractor and several others alleging defective construction of the plaintiffs' residence. (*Gorman, supra,* 178 Cal.App.4th at p. 53.) Attorney Gorman and his firm represented the plaintiffs. (*Ibid.*) During the course of the litigation, the Gorman firm associated in the law firm of Bowman and Brooke. The plaintiffs also retained Attorney Alwaya to render opinions about insurance coverage. In addition, Attorney Janke appeared at several depositions on behalf of the plaintiffs. (*Id.* at p. 54.) Several of the defendants, including the contractor, entered into a settlement agreement with the plaintiffs that included a provision that the plaintiffs were entitled to apply for an award of reasonable fees and costs. (*Id.* at pp. 54–55.) In support of their motion for fees and costs, the plaintiffs submitted documentation showing the hours worked by the various attorneys on the plaintiffs' behalf, including hours billed by Attorney Gorman personally, his associate attorney, Hansen, and paralegals in Gorman's firm. (*Id.* at pp. 90–91.) The trial court granted the plaintiffs' fee motion, but awarded an amount that was substantially less than the amount they had requested. (*Id.* at pp. 53, 57.) The plaintiffs appealed, inter alia, from the judgment awarding them fees and costs. (*Id.* at p. 53.)

The court in *Gorman, supra,* 178 Cal.App.4th 44 explained that the plaintiffs could not recover fees for the time Attorney Gorman personally spent representing himself and his wife. (*Id.* at pp. 93–97.) But, relying on *Gilbert, supra,* 87 Cal.App.4th 212, the court also held that the plaintiffs could recover attorney fees for the time expended by attorneys the plaintiffs hired to represent them, including attorneys and paralegals in Gorman's law firm. (*Id.* at pp. 95–96.) "We do not understand contractor on appeal to renew its efforts to distinguish *Gilbert.* It argues only that 'nothing in the *Gilbert* case supports the view that appellants in this case are entitled to recover fees for the work performed personally by appellant Gorman.' . . . We believe that *Trope*[, *supra,* 11 Cal.4th 274] does not preclude the recovery of fees for other attorneys and paralegals hired by [Attorney] Gorman to represent him, even if they work in his law firm. (*Gilbert, supra,* 87 Cal.App.4th 212; *Mix v. Tumanjan Development Corp.* [(2002)] 102 Cal.App.4th 1318, 1324–1325 [126 Cal.Rptr.2d 267].)" (*Gorman, supra,* 178 Cal.App.4th at p. 96.)

C. *Analysis*

1. *Fee Award on Prior Appeal*

Plaintiffs contend that because we awarded them attorney fees on the prior appeal, the trial court erred in refusing to enter such an award. But at the time of the filing of the opinion in the prior appeal, the issue of whether plaintiffs had, as a matter of fact, incurred recoverable fees was not before this court. Therefore, the order awarding attorney fees did not determine that issue. Rather, the order on appeal left to the trial court the issue of whether and to what extent plaintiffs had incurred reasonable attorney fees. Our order established only that plaintiffs were entitled to attorney fees, assuming that they could demonstrate that they had, in fact, incurred such fees that are legally recoverable.[6]

2. *No Entitlement to Attorney Fees*

Plaintiffs contend that because Ms. Klein was not a partner in the law firm and did not have any financial interest in that firm or have any personal liability dependent on the outcome of the underlying litigation, plaintiffs are entitled to recover attorney fees based on the services she rendered on appeal of the order under the anti-SLAPP statute dismissing the cross-complaint. According to plaintiffs, for purposes of this appeal, it does not matter whether, as they contended below, Ms. Klein was an independent contractor or, as the trial court found, an associate attorney of the law firm plaintiff. From plaintiffs' perspective, Ms. Klein's representation of them in either capacity is not the equivalent of self-representation, and they therefore argue they are not precluded under *Trope, supra*, 11 Cal.4th 274 from recovering attorney fees. Relying on the recent ruling in *Gorman, supra*, 178 Cal.App.4th 44—that allowed an attorney litigant to recover attorney fees for services rendered on his behalf by associates and paralegals of his firm—plaintiffs contend that they are entitled to the requested fee award here.

Contrary to plaintiffs' assertion, the issue of whether Ms. Klein was acting in her capacity as an associate attorney or as an independent contractor is significant to the disposition of the appeal. And, the trial court found she was an associate, a factual finding that was supported by substantial evidence, including the declaration of Mr. Carpenter that Ms. Klein was an associate in the firm of Carpenter & Zuckerman and the page from the State Bar Web site showing the firm of Carpenter & Zuckerman as Ms. Klein's address of

---

[6] Defendants contend that plaintiffs were required to file a motion for attorney fees in the trial court within 60 days of the remittitur, but failed to do so. Defendants did not adequately raise this issue in the trial court and therefore forfeited the issue on appeal. (See *Zubarau v. City of Palmdale* (2011) 192 Cal.App.4th 289, 306 [121 Cal.Rptr.3d 172].)

record. In accepting the trial court's finding that Ms. Klein was an associate, we examine whether, under these circumstances, plaintiffs are entitled legally to attorney fees—a question we review de novo.

Plaintiffs' reliance on *Gorman, supra*, 178 Cal.App.4th 44 is misplaced. As discussed above, the associate attorney in that case represented Attorney Gorman *in connection with a personal matter* concerning the defective construction of his home. Thus, the associate was not representing the interests of the law firm for which he worked, but rather the personal interests of one of its partners. (See *id.* at p. 91.) As the court in that case concluded, the associate's legal services on behalf of Attorney Gorman and his wife were analogous to the services rendered to the attorney litigant by other members of his firm in *Gilbert, supra*, 87 Cal.App.4th 212. In that case, the court emphasized that those other members of the firm represented the attorney litigant's personal interests, whereas in *Trope, supra*, 11 Cal.4th 274, the partner represented his law partnership's interest in a collection action.

Ms. Klein was representing the interests of the law firm for which she worked—not just the personal interests of individual partners in that firm, such as in *Gilbert, supra*, 87 Cal.App.4th 212. Although she was not a partner in that firm, she, as an employee of the firm, acted on behalf of the firm in protecting it from potential liability from defendants' cross-claims. Moreover, unlike the in-house counsel in *PLCM, supra*, 22 Cal.4th 1084, who was employed by and represented the interests of the corporation, Ms. Klein's status as an associate suggests that she was hired primarily to represent the interests *of the clients* of the law firm plaintiff. There is no suggestion that she functioned as in-house counsel to the firm. Based on Ms. Klein's status as an associate, the law firm and its partners, in seeking to recover the reasonable value of her services on appeal, in effect, were seeking to recover "lost opportunity costs" (*PLCM, supra*, 22 Cal.4th at p. 1093; see *Gilbert, supra*, 87 Cal.App.4th at p. 221), i.e., the value they would have received from a client had Ms. Klein expended a comparable amount of hours representing that client's interests. The involvement of "lost opportunity costs" is one rationale for denying attorney fees for self-representation. (*PLCM, supra*, 22 Cal.4th at p. 1093.) Therefore, notwithstanding that Ms. Klein was not a partner of the law firm plaintiff with a direct financial interest in the outcome of the claims asserted against it, she was an employee of that firm hired primarily to perform services for firm clients and, presumably, to generate profits for the firm. This status distinguishes her from the "independent third party" in-house counsel in *PLCM* and makes her status analogous to the attorneys who represented their pro se law firm in *Witte, supra*, 141 Cal.App.4th 1201. As the court in that case observed, the attorneys of the pro se law firm were the "product" of the firm and were therefore "comparable to a sole practitioner representing himself or herself." (*Id.* at p. 1211.)

### 3. Entitlement of Individual Plaintiffs to Fees

Relying on *Gilbert, supra*, 87 Cal.App.4th 212, the individual plaintiffs contend that even if their law firm cannot recover attorney fees based on the services of its associate, they are entitled to recover fees for services she rendered to them in their individual capacity. According to plaintiffs, because the claims against them placed their personal interests at stake, they were in the same position as the attorney litigant in *Gilbert*.

In response to this contention at the hearing on the motion to tax costs, the trial court found that there was nothing in the record to support the conclusion that there was "potential personal liability" on the part of the individual plaintiffs. According to the trial court, if there was a genuine potential for personal liability, separate and apart from potential liability of the limited liability partnership, the individuals would have retained separate counsel, presumably because of conflicting or differing interests.

The court in *Gorman, supra*, 178 Cal.App.4th 44 addressed a similar issue. There the plaintiffs argued that even if Attorney Gorman could not recover attorney fees for the time he spent representing himself, his wife could recover fees for the time he spent representing her separate interests. In rejecting the plaintiffs' argument, the court in *Gorman* explained that "[w]e can certainly imagine cases in which a true attorney-client relationship exists between spouses. However, in this case, husband and wife sued for and obtained recovery for the defective construction of their residence. There is no indication that [the wife] suffered any damages apart from those suffered by her husband. Their interests in this matter appear to be joint and indivisible. There is no claim that [Attorney] Gorman spent extra time in this case representing his wife in addition to the time he spent representing himself. There is no claim that each of them owes half his fees. Their community estate is liable for their contracts. (Fam. Code, § 910, subd. (a).) Since [Attorney] Gorman's billable hours appear to be entirely attributable to representing his common interests with [his wife], we conclude that the rule of *Trope*[, *supra*, 11 Cal.4th 274] applies to this situation." (*Id.* at p. 95.)

Here, plaintiffs did not submit any evidence that the cross-complaint subjected them to potential individual liability separate and apart from the potential liability of their law firm. To the contrary, defendants in their cross-complaint asserted the causes of action jointly against the law firm and its two partners. Defendants alleged that the law firm plaintiff was a limited liability partnership, that Mr. Carpenter and Mr. Zuckerman were partners and agents of that firm, and that each of the plaintiffs had participated in a "scheme" to interfere with a client relationship and defendants' business. Defendants also alleged that Mr. Carpenter and Mr. Zuckerman made defamatory statements about defendants. Thus, the cross-complaint was based upon

conduct undertaken by the individual plaintiffs in the course of the law firm's business, and there were no allegations concerning conduct by either of the individual plaintiffs that was unrelated to the business or goals of the law firm.

Moreover, there was no evidence that Ms. Klein performed any services on behalf of the individuals, in addition to the time she spent representing the interests of the law firm. There was no evidence that either of the individuals agreed to be responsible for Ms. Klein's fees for services rendered on behalf of their personal interests. Thus, as in *Gorman, supra*, 178 Cal.App.4th 44, plaintiffs' interests in this matter appear to be joint and indivisible, and plaintiffs submitted no evidence to the contrary. And, although plaintiffs suggested to the trial court during oral argument that an allocation of attorney fees between time spent representing the firm and time spent representing the individuals might be appropriate, they never specified how such an allocation could or should be made, much less point to evidence that would support any such allocation.

■ This case differs from *Gilbert, supra*, 87 Cal.App.4th 212 because, in that case, the plaintiff did not sue Attorney Gernsbacher's law firm; it sued Gernsbacher personally for allegedly preventing the plaintiff from recovering its property from the leased premises. (*Id.* at p. 214.) As noted, it is unclear whether Gernsbacher's alleged conduct was undertaken on behalf of his law firm while conducting law firm business; however, it appears the law firm was not a named defendant. In the instant case, the law firm was sued based on the conduct of its partners undertaken on behalf of the firm and its business. Thus, this case is closer to the decision in *Witte, supra*, 141 Cal.App.4th 1201, in which the KLA law firm was sued based on the conduct of one of its members during his representation of a KLA client, and the KLA law firm was defended by other members of the firm. (*Id.* at p. 1206.) As discussed, the court in *Witte* concluded that "a law firm that is sued in its own right and appears through various members . . . [¶] . . . is not entitled to attorney fees." (*Id.* at p. 1211.)

■ If a tort claim is asserted against a law firm, partners or associates who acted on behalf of the firm necessarily are exposed to liability. As noted above, the Supreme Court in *Trope, supra*, 11 Cal.4th 274 treated the individual partners as interchangeable with the law firm in connection with the issue of attorney fees for self-representation. As here, if the law firm and its partners or associates who acted on behalf of the firm are named and they are all represented by a partner or associate of the law firm, the principles of *Trope* and *Witte* should apply, unless it can be shown that the representation of partners or associates related to the protection of their individual interests from realistic personal exposure. Anytime a law firm sues, its partners will

individually benefit from any recovery. Anytime a law firm is sued, any recovery against it will detrimentally affect any partner. And when a law firm is sued in tort for the act of one or more of its lawyers, those lawyers are exposed to liability. In order to recover attorney fees for work done on behalf of individual attorneys in a law firm, there must be a showing that the fees sought to be recovered are not attributable to representation of the law firm. No such showing was made here. Thus, there was not sufficient evidence to overturn the trial court's conclusion that the individual plaintiffs were not entitled to recover any attorney fees.

## DISPOSITION

The order granting defendants' motion to tax costs is affirmed. Defendants are awarded costs on appeal.

Armstrong, Acting P. J., and Kumar, J.,* concurred.

---

*Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.