Filed 8/29/13  Rushing v. Geissler CA1/5

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| OLLIE P. RUSHING, | |
| Plaintiff and Appellant, | A135764 |
| v. | (Alameda County Super. Ct. No. RG10536566) |
| AMY LYNN GEISSLER et al., | |
| Defendants and Respondents. | |

_____/

Ollie P. Rushing (plaintiff) sued defendants Amy Lynn Geissler, Shyloui Jacquez Crooks, and Mason Securities Services, Inc. (collectively defendants) in propria persona for motor vehicle negligence.

The court granted defendants' nonsuit motion, concluding plaintiff failed to present sufficient admissible evidence to support the complaint's allegations.  It also dismissed the complaint as a terminating sanction for plaintiff's failure to comply with various court orders and with Alameda County Superior Court Local Rules.  The court entered judgment for defendants.

Plaintiff appeals in propria persona.  In his one-page argument, plaintiff contends the judgment should be reversed because "[he] accepted two [Code of Civil Procedure

1

section 998][1] offers to settle the case" and claims this court should enter judgment in his favor "in the amount of those offers." We decline to do so and affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff filed a form complaint in propria persona against defendants, alleging motor vehicle negligence arising out of a car accident on westbound Interstate 580. After plaintiff failed to respond to Crooks and Mason Security Services, Inc.'s (Crooks and Mason) requests for admission, the court deemed admitted the following facts: (1) Crooks and Mason were not negligent; (2) the accident giving rise to the lawsuit was not a substantial factor in causing damages to plaintiff; (3) plaintiff did not incur any damages as a result of the accident; and (4) the lawsuit failed to state a claim against Crooks and Mason.

On January 4, 2012, Crooks and Mason served plaintiff with a section 998 offer to compromise for $501. The offer to compromise stated, "[t]his offer must be accepted prior to commencement of trial or within (30) days after it is made, whichever occurs first, otherwise it is withdrawn." On January 11, 2012, Geissler served plaintiff with a section 998 offer to compromise for $6,638.77. Geissler's offer to compromise similarly stated, "[t]his offer must be accepted prior to commencement of trial or within (30) days after it is made, whichever occurs first, otherwise it is withdrawn."

Plaintiff did not appear at the pretrial conference on January 27, 2012, and did not submit the papers required by Local Rule 3.35 (Rule), including a witness and exhibit list, or proposed jury instructions. The court ordered plaintiff to appear and show cause (OSC) why sanctions should not be imposed for his failure to appear at the pretrial conference and for his failure to comply with Rule 3.35 and "orders issued by the court." The court later continued the OSC hearing and trial.

On January 26, 2012, plaintiff accepted Crooks and Mason's section 998 offer by signing his name under the words, "[t]his offer is hereby accepted." Plaintiff served the "Offer to Compromise and Acceptance of Offer to Compromise" on defendants'

---

[1]     Unless otherwise noted, all further statutory references are to the Code of Civil Procedure.

respective counsel on January 31, 2012, but used the wrong zip code for Geissler's attorney. Plaintiff filed the signed acceptance of Crooks and Mason's 998 offer on February 1, 2012.

On or before January 31, 2012, plaintiff accepted Geissler's section 998 offer by signing his name underneath the words, "Plaintiff, Ollie Rushing, accepts the above offer on the terms stated therein." Plaintiff served the "Offer to Compromise and Acceptance of Offer to Compromise" on defendants' respective counsel on January 31, 2012, but used the incorrect zip code for Geissler's attorney. Plaintiff filed the signed acceptance of Geissler's section 998 offer on February 6, 2012.[2]

At the OSC hearing on February 6, 2012, the court determined plaintiff "still had not presented, served, or filed any list of witnesses, or index or list of exhibits, or proposed jury instructions. No advance jury fees had been deposited[,]" nor had plaintiff "conferred with defendants as required by orders issued by the court, had still not exchanged trial exhibits and remained in complete violation of . . . [R]ule 3.35 and orders issued by the court." Geissler moved for terminating sanctions and the court took the matter under submission.

A bench trial began on March 26, 2012 after all parties waived jury trial. The morning session of the March 26, 2012 proceedings were not reported. The clerk's minutes, however, describe the proceedings concerning the 998 offers as follows: "Court inquired regarding the 998 offer. Counsel for defendants represented to the court that the 998 offer has lapse[d]." It is not clear which defense counsel made this representation.

Plaintiff made his opening statement and defendants moved for nonsuit and directed verdict. The court took the matter under submission and, on its own motion,

---

[2] It is not clear whether Geissler's counsel received plaintiff's acceptance. Because acceptance of a 998 offer, to be valid, must be communicated to the offeror in a timely fashion, "[f]iling the acceptance with the court is not a sufficient communication to the offeror," and thus does not constitute a valid acceptance. (Weil & Brown, Cal. Practice Guide: Civil Procedure Before Trial (The Rutter Group 2013) ¶ 12:631, p. 12(II)-40, citing *Drouin v. Fleetwood Enterprises* (1985) 163 Cal.App.3d 486, 491-492; see also ¶¶ 12:633-12:634, pp. 12(II)-41.)

granted plaintiff leave to make a new opening statement. Plaintiff did, and defendants moved for nonsuit. The court denied the motion but "as a sanction, and in light of plaintiff's continuing failure to serve or file any list of witnesses, the court ordered that plaintiff was precluded from calling any witness at trial other than himself." Plaintiff testified about the accident and defendants moved for "nonsuit and for judgment."

The court granted defendants' motions for nonsuit and judgment and dismissed the complaint with prejudice. The court determined its order deeming matters admitted required judgment for defendants and found plaintiff failed to present sufficient admissible evidence to support the allegations in his complaint. The court also imposed a terminating sanction for plaintiff's failure to comply with various court orders and Rule 3.35. The court explained it had been "flexible, possibly to a fault, and had provided plaintiff with more than a full and fair opportunity to bring himself into belated compliance with the court's Local rules and orders issued by the court." It determined plaintiff had failed to show cause why sanctions should not be imposed for violation of Rule 3.35 and his failure to comply with the court's February 28, 2011, July 29, 2011, and February 6, 2012 orders. The court entered judgment for defendants.

DISCUSSION

Section 998, subdivision (b)(1), provides in relevant part: "Not less than 10 days prior to commencement of trial . . . any party may serve an offer in writing upon any other party to the action to allow judgment to be taken or an award to be entered in accordance with the terms and conditions stated at that time. [¶] (1) If the offer is accepted, the offer with proof of acceptance shall be filed and the clerk or the judge shall enter judgment accordingly." "[T]rial . . . shall be deemed to be actually commenced at the beginning of the opening statement of the plaintiff or counsel. . . ." (§ 998, subd. (b)(3).)

Plaintiff contends he accepted the two section 998 offers to compromise before trial and, as a result, "the court should enter judgment for [him] in the amount of those offers." According to plaintiff, he "brought this up [with] the judge, but he [the judge] said he doesn't get involved in settlement." In response, Crooks and Mason contend

4

plaintiff "did not accept the offer at all prior to judgment being entered against him, let alone in a timely fashion. . . . [T]he purported signed acceptance of the 998 [offer] . . . has been backdated and fabricated."

We conclude plaintiff failed to preserve his claim regarding the 998 offers on appeal. "[T]o preserve an issue for appeal, a party ordinarily must raise the objection in the trial court. [Citation.] 'The rule that contentions not raised in the trial court will not be considered on appeal is founded on considerations of fairness to the court and opposing party, and on the practical need for an orderly and efficient administration of the law.' [Citations.] Otherwise, opposing parties and trial courts would be deprived of opportunities to correct alleged errors, and parties and appellate courts would be required to deplete costly resources 'to address purported errors which could have been rectified in the trial court had an objection been made.' [Citation.] In addition, it is inappropriate to allow any party to 'trifle with the courts by standing silently by, thus permitting the proceedings to reach a conclusion in which the party could acquiesce if favorable and avoid if unfavorable.' [Citation.]" (*In re S.C.* (2006) 138 Cal.App.4th 396, 406.)

Plaintiff does not direct us to a place in the record where he "brought . . . up" the 998 issue with the judge and we are not required to search the record to find it. (*McComber v. Wells* (1999) 72 Cal.App.4th 512, 522-523.) There is no indication in the record that plaintiff challenged counsel for defendants' representation to the court that the 998 offer had lapsed, nor is there any indication he moved to enforce the settlement. Instead, he proceeded to trial and made his opening statement. The court's lengthy statement of decision is silent on the section 998 issue. Because plaintiff did not adequately raise this issue in the trial court, he has forfeited the issue on appeal. (*Carpenter & Zuckerman LLP*, *v. Cohen* (2011) 195 Cal.App.4th 373, 384, fn. 6.)

5

## DISPOSITION

The judgment is affirmed.  Crooks and Mason are awarded costs on appeal.  (Cal. Rules of Court, rule 8.278(a)(2).)

_____

Jones, P.J.

We concur:

_____

Simons, J.

_____

Bruiniers, J.