Filed 3/26/14

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION THREE


| | |
|---|---|
| SURJIT P. SONI, | B242288 |
| Plaintiff and Appellant, | (Los Angeles County Super. Ct. No. GC045367) |
| v. | |
| WELLMIKE ENTERPRISE CO. LTD., et al., | |
| Defendants and Respondents. | |


APPEAL from an order of the Superior Court of Los Angeles County, Jan A. Pluim, Judge. Affirmed.

The Soni Law Firm, M. Danton Richardson and Leo E. Lundberg, Jr., for Plaintiff and Appellant.

WHGG, Ellen J. Wang and John D. van Loben Sels for Defendants and Respondents.

─────────────────

Plaintiff and appellant Surjit P. Soni (Mr. Soni) dba The Soni Law Firm (hereafter, Soni or the Soni firm) appeals a postjudgment order denying its motion for an award of attorney fees as against Wellmike Enterprise Co. Ltd. and Mike Chen (collectively, Wellmike).

After prevailing in its action against Wellmike to recover unpaid attorney fees, the Soni firm sought to recover attorney fees as the prevailing party, pursuant to the attorney fee provision in the retainer agreement.  Mr. Soni contended he was a sole practitioner who retained other attorneys to represent his interests.  The trial court denied recovery on the ground attorney fees were not recoverable because Soni operated as a law firm which was represented in this litigation by employees or associates of the firm, rather than by outside counsel.  (*Trope v. Katz* (1995) 11 Cal.4th 274 (*Trope*); *Carpenter & Zuckerman, LLP v. Cohen* (2011) 195 Cal.App.4th 373 (*Carpenter*).)

Substantial evidence supports the trial court's determination Soni operated as a law firm and that the attorneys who represented the law firm in this action were its employees.  Because the law firm was represented by its own employees or associates, the trial court properly held attorney fees were not recoverable by Soni.  The order is affirmed.

### FACTUAL AND PROCEDURAL BACKGROUND

Soni performed legal services for Wellmike.  Soni later sued Wellmike to recover unpaid legal fees, and sought damages of $28,408.  Soni fully prevailed.  Following a nonjury trial, the trial court awarded Soni damages for breach of contract in the amount of $28,384.  The judgment entered February 9, 2012 provided attorney fees and costs were to be requested by formal motion.

On or about March 20, 2012, Soni filed a motion for attorney fees, seeking $120,912 as the fees it allegedly "incurred in connection with this case."  Soni invoked paragraph IV.B of its Attorney-Client Agreement, which states in relevant part: "Collection Expenses – Collections expenses and/or legal fees incurred in the collection of overdue balances (including fees for THE SONI LAW FIRM attorney, law clerk and paralegal time, *to the extent authorized by law*) will be paid by the delinquent client.

2

Such expenses and fees shall include those of our in-house personnel as well as those of any outside agency which we may employ." (Italics added.)

Soni's moving papers acknowledged the general rule that a party cannot recover fees for self-representation. However, Soni contended "Mr. Soni is a sole proprietorship and did not represent himself. Rather, he was represented by other attorneys and he is entitled to recover the fees for their work."

In opposition, Wellmike argued that Soni's attorney fee provision limited recovery of the fees of its own in-house personnel "to the extent authorized by law." Here, Soni, the law firm plaintiff, represented itself through its in-house personnel, and therefore was prohibited from recovering attorney fees incurred in prosecuting its lawsuit. Wellmike contended Soni was trying to circumvent the prohibition on recovery of attorney fees for self-representation by claiming that as a sole proprietorship, the Soni Law Firm was not a law firm but merely a dba of Mr. Soni, and therefore any fees paid to attorneys Richardson, Lundberg and Perez were fees attributable to the representation of Mr. Soni rather than the Soni firm.

Wellmike cited the deposition testimony of Mr. Soni to show that attorneys Richardson, Lundberg and Perez were employees of the Soni firm and that they worked on this case for the interest of the firm. Wellmike further argued that in any event, the amount of the fee request was excessive.

On April 19, 2012, the matter came on for hearing and was taken under submission. Later, the trial court entered an order denying Soni's motion for attorney fees, stating: "Although 'The Soni Law Firm' is identified as the fictitious business name for Mr. Soni, there is ample evidence that it operates as a law firm and that the attorneys who represented the law firm in this action are its employees. [Citation.] Therefore, based on the rule set forth in *Trope v. Katz* (1995) 11 Cal.4th 274 and *Carpenter & Zuckerman v. Cohen* (2011) 195 Cal.App.4th 373, attorney's fees are not recoverable because the law firm was represented by an employee or associate of the firm."

This appeal followed.

3

**CONTENTIONS**

Soni contends he was not self-represented and therefore was entitled to an award of attorney fees as the prevailing party. Soni's basic contention is that the trial court erroneously viewed Soni as a "firm," rather than as an individual doing business under a fictitious name, and treated the fiction of a dba as it if were a separate entity.

**DISCUSSION**

1. *Standard of appellate review*.

Generally, an order granting or denying an award of attorney fees is reviewed under the abuse of discretion standard of review. (*Carpenter, supra,* 195 Cal.App.4th at p. 378.) However, the determination of whether the criteria for an award of attorney fees and costs have been met is a question of law for our de novo review. (*Ibid*.; *Sessions Payroll Management, Inc. v. Noble Construction Co.* (2000) 84 Cal.App.4th 671, 677.) As for any disputed factual issues, the trial court's findings are reviewed under the substantial evidence rule and must be affirmed if supported by substantial evidence. (*Carpenter, supra*, at p. 378.)

2. *Overview of pertinent case law*.

a. *No recovery of attorney fees by pro se attorney litigants*.

The issue presented on appeal involves a line of cases dealing with attorney fee awards to attorney litigants, beginning with the Supreme Court's decision in *Trope, supra,* 11 Cal.4th 274.

In that case, a law firm acting in propria persona successfully sued the firm's former client to recover unpaid fees. (*Id*. at p. 278.) Following entry of judgment in their favor, the attorney plaintiffs moved for an award of attorney fees under the attorney fees provision in the retainer agreement. (*Ibid*.) The trial court denied the motion on the ground the law firm had represented itself in the litigation, and the Court of Appeal affirmed. (*Ibid*.)

4

On review, the Supreme Court framed the issue as "whether an attorney who chooses to represent himself—and therefore does not pay or become liable to pay any sum out of pocket for such representation—can nevertheless recover 'reasonable attorney's fees' under [Civil Code] section 1717 as compensation for the time and effort expended and the professional business opportunities lost as a result." (*Trope, supra,* 11 Cal.4th at p. 279.)[1]

*Trope* concluded that to allow *pro se attorney litigants* to recover fees to compensate them for their time would result in disparate treatment of attorney and nonattorney pro se litigants, and reasoned as follows: "Let us assume for the sake of discussion that . . . an attorney litigant devotes as much time and effort to litigating a matter on his own behalf as he does to litigating a case on behalf of a client, and that his time is equally valuable whether he is acting on behalf of himself or of a client. It does not necessarily follow from this premise, however, that he is entitled to receive compensation from his opponent simply because the time he devotes to litigating a matter on his own behalf has value. The time that a doctor, for example, spends litigating a case on his own behalf also has value, both to the doctor himself and to society generally, for that time could otherwise be spent treating the sick or pursuing medical research for the benefit of all; an architect's time could otherwise be spent designing or building houses; a painter's time could be spent creating works of art for future generations to enjoy. However, it is clear that when it enacted [Civil Code] section 1717 the Legislature did not intend to allow doctors, architects, painters, or any other nonattorneys to receive compensation for the valuable time *they* spend litigating a contract matter on their own behalf. [Citations.] . . . There is no support in either the language or legislative history of

---

[1] *Carpenter* noted, "Although the caption of the [*Trope*] case lists as the plaintiffs 'Sorrell Trope et al.,' (*id*. at p. 274), the Supreme Court opinion states that 'Trope and Trope' sued the defendants. (*Id*. at p. 278.) The Supreme Court apparently treated the firm and its individual partners 'as interchangeable.' (*Gilbert, supra,* 87 Cal.App.4th at p. 217, fn. 14.)" (*Carpenter, supra*, 195 Cal.App.4th at p. 602.)

5

[Civil Code] section 1717 for . . . disparate treatment of pro se litigants on the basis of their occupations." (*Id*. at pp. 284-285.)[2]

*Trope* explained: " 'The system would be one-sided, and would be viewed by the public as unfair, if one party (a lawyer litigant) could qualify for a fee award without incurring the potential out-of-pocket obligation that the opposing party (a nonlawyer) ordinarily must bear in order to qualify for a similar award [i.e., without paying or becoming liable to pay consideration in exchange for legal representation]. Moreover, if both parties opt to litigate *pro se*, it would be palpably unjust for one of them (the lawyer litigant) to remain eligible for an attorney fee award, while the other becomes ineligible . . . . [¶] . . . [¶] In our view, the public perception of fairness in the legal system is of greater moment than a lawyer litigant's claim to an attorney fee award if he elects to represent himself.' [Citations.]" (*Trope, supra,* 11 Cal.4th at p. 286.)

        b. *Trope rule does not preclude corporate litigant from recovering for services of in-house counsel.*

The Supreme Court in *PLCM Group, Inc. v. Drexler* (2000) 22 Cal.4th 1084 (*PLCM*) decided an issue unresolved by *Trope* -- whether a corporate litigant represented by *in-house counsel*, i.e., counsel who is an employee of the party, can recover attorney fees under Civil Code section 1717 based on the services of that counsel. In *PLCM*, a claims administrator (PLCM) for an insured attorney's malpractice carriers sued the attorney to recover amounts advanced on his behalf to his defense attorneys in the underlying malpractice action. (*PLCM, supra*, 22 Cal.4th at pp. 1088-1089.) PLCM contended the amounts it had advanced were within the malpractice policy's deductible. (*Ibid*.) PLCM was represented in the collection action by in-house

---

[2]    Civil Code section 1717 provides in pertinent part: "(a) In any action on a contract, where the contract specifically provides that attorney's fees and costs, which are incurred to enforce that contract, shall be awarded either to one of the parties or to the prevailing party, then the party who is determined to be the party prevailing on the contract, whether he or she is the party specified in the contract or not, shall be entitled to reasonable attorney's fees in addition to other costs."

counsel. (*Id*. at p. 1089.) Following a verdict in its favor, PLCM moved for a fee award based upon the services rendered by its in-house counsel. (*Id*. at p. 1090.) The attorney defendant moved to tax costs on the ground, inter alia, attorney fees could not be awarded for those services. (*Ibid*.) The trial court awarded PLCM the requested fees, and the Court of Appeal affirmed. (*Ibid*.)

In affirming the award of attorney fees, the Supreme Court in *PLCM, supra*, 22 Cal.4th 1084, concluded that none of the factors that supported the denial of the fee award to the pro se attorney litigant in *Trope, supra,* 11 Cal.4th 274, was present in the case before it. "There is no problem [in this case] of disparate treatment; in-house attorneys, like private counsel but unlike pro se litigants, do not represent their own personal interests and are not seeking remuneration simply for lost opportunity costs that could not be recouped by a nonlawyer. A corporation represented by in-house counsel is in an agency relationship, i.e., it has hired an attorney to provide professional legal services on its behalf. Nor is there any impediment to the effective and successful prosecution of meritorious claims because of possible ethical conflict or emotional investment in the outcome. The fact that in-house counsel is employed by the corporation does not alter the fact of representation by an independent third party. Instead, the payment of a salary to in-house attorneys is analogous to hiring a private firm on a retainer." (*PLCM, supra,* 22 Cal.4th at p. 1093.)

   c. *Attorney litigant represented by other members of his or her firm in a personal matter may recover fees*.

In *Gilbert v. Master Washer & Stamping Co*. (2001) 87 Cal.App.4th 212 (*Gilbert*), a case which Soni contends is directly on point, the court held "a lawyer represented by other members of his law firm is entitled to recover reasonable attorney fees *where the representation involved the lawyer's personal interests and not those of the firm*." (*Id*. at p. 214, italics added.) In *Gilbert*, the tenant in a consolidated landlord-tenant case sued his landlord and the landlord's attorney, Gernsbacher, alleging, inter alia, that Gernsbacher had wrongfully prevented the tenant from recovering its property from the leased premises. (*Ibid*.) Gernsbacher's alleged misconduct involved Gernsbacher's

"personal interests and not those of his firm." (*Ibid*.) Gernsbacher obtained a judgment in his favor and filed a motion for an order fixing attorney fees as costs. (*Id*. at p. 216.) The trial court, citing *Trope, supra*, 11 Cal.4th 274, denied Gernsbacher's attorney fees motion on the ground he was represented by his own law firm. (*Ibid*.)

The appellate court reversed, concluding *Trope* did not support the trial court's denial of attorney fees to Gernsbacher, who had been represented by other attorneys in his firm. "Having examined the policy considerations leading to the *Trope* and *PLCM Group* decisions, we apply those considerations to the case before us. We hold Gernsbacher, as an attorney litigant represented by other attorneys in his firm, is not a litigant in propria persona and thus *Trope* does not bar his recovery of reasonable attorney fees under Civil Code section 1717." (*Gilbert, supra*, 87 Cal.App.4th at p. 220.)

In reaching this conclusion, the court in *Gilbert* reasoned that an attorney who is represented by other attorneys in his firm " 'incurs' fees within the meaning of Civil Code section 1717. Either the represented attorney will experience a reduced draw from the partnership (or a reduced salary from the professional corporation) to account for the amount of time his or her partners or colleagues have specifically devoted to his or her representation, or absorb a share of the reduction in other income the firm experiences because of the time spent on the case. This is different from the 'opportunity costs' the attorney loses while he or she is personally involved in the same case, because the economic detriment is caused not by the expenditure of his or her own time, but by other attorneys working on his or her behalf." (*Gilbert, supra,* 87 Cal.App.4th at p. 221; cf. *Carpenter, supra*, 195 Cal.App.4th at p. 382.)

A similar case on which Soni relies is *Gorman v. Tassajara Development Corp.* (2009) 178 Cal.App.4th 44 (*Gorman*). Gorman held that *Trope* did not bar an attorney litigant from recovering fees incurred for the services of other attorneys and paralegals hired by the attorney to represent him, even if those other attorneys and paralegals worked for the attorney litigant's law firm. (*Id*. at p. 96.) In that case, two homeowners, attorney Gorman and his wife, sued a contractor and numerous others alleging defective construction of the plaintiffs' residence. (*Gorman, supra,* 178 Cal.App.4th at pp. 52-53.)

8

Attorney Gorman and his firm represented the plaintiffs. (*Id*. at p. 93.) During the course of the litigation, the Gorman firm associated in the law firm of Bowman and Brooke. The plaintiffs also retained attorney Alwaya to render opinions about insurance coverage. In addition, attorney Janke appeared at several depositions on behalf of plaintiffs. (*Id*. at p. 54.) Certain defendants, including the contractor, entered into a settlement agreement with the plaintiffs that included a provision that the plaintiffs were entitled to apply for an award of attorney fees and costs. (*Id*. at pp. 52-53.)

The *Gorman* court ruled the plaintiffs could not recover fees for the time attorney Gorman *personally* spent representing himself and his wife. (Id. at pp. 93-97.) But, relying on *Gilbert, supra*, 87 Cal.App.4th 212, the *Gorman* court held the plaintiffs could recover attorney fees for the time expended by other attorneys the plaintiffs hired to represent them, including attorneys and paralegals in Gorman's law firm. (*Id*. at p. 95-96.) "We do not understand contractor on appeal to renew its efforts to distinguish *Gilbert*. It argues only that 'nothing in the *Gilbert* case supports the view that [plaintiffs] in this case are entitled to recover fees for the work performed personally by appellant Gorman.' . . . We believe that *Trope* [*supra*, 11 Cal.4th 274] does not preclude the recovery of fees for other attorneys and paralegals hired by [attorney] Gorman to represent him, even if they work in his law firm. [Citations.]" (*Gorman, supra,* 178 Cal.App.4th at p. 96.)

d. *No recovery of attorney fees where law firm is represented by members of the firm*.

*Witte v. Kaufman* (2006) 141 Cal.App.4th 1201 (*Witte*), reversed an award of attorney fees to a law firm, KLA, whose attorneys represented the firm on a successful special motion to strike. *Witte* reasoned: "Here, unlike *PLCM Group* and *Gilbert*, but like *Trope*, there is no attorney-client relationship between KLA and its individual attorneys. The individual KLA attorneys are not comparable to in-house counsel for a corporation, hired solely for the purpose of representing the corporation. The attorneys of KLA are the law firm's product. When they represent the law firm, they are representing their own interests. As such, they are comparable to a sole practitioner

9

representing himself or herself.  *Where, as in Gilbert, an attorney is sued in his or her individual capacity and he obtains representation from other members of his or her law firm, those other members have no personal stake in the matter and may, in fact, charge for their work.  Not so with a law firm that is sued in its own right and appears through various members*."  (*Id*. at p. 1211, italics added.)

Thus, *Witte* is consistent with the basic rule in *Trope*, disallowing recovery by a law firm which represents itself in litigation.

> e. *No right to attorney fees where law firm and its partners are represented by an associate in a matter involving the interests of their firm.*

We conclude our survey of pertinent case law with *Carpenter, supra*, 195 Cal.App.4th 373.  There, the trial court held a law firm and its two partners, who had been represented in litigation by an associate of the firm, had in effect represented themselves and therefore could not recover attorney fees.  (*Id*. at p. 375.)  *Carpenter* upheld the denial of attorney fees for services rendered by the associate to the firm and its partners.  (*Id*. at p. 376.)

Plaintiffs contended that because the associate was not a partner in the law firm and did not have any financial interest in that firm or have any personal liability dependent on the outcome of the underlying litigation, plaintiffs were entitled to recover attorney fees based on the services she rendered on the prior appeal.  (*Carpenter, supra,* 195 Cal.App.4th at p. 384.)  "According to plaintiffs, for purposes of this appeal, it does not matter whether, as they contended below, Ms. Klein was an independent contractor, or as the trial court found, an associate attorney of the law firm plaintiff.  From plaintiffs' perspective, Ms. Klein's representation of them in either capacity is not the equivalent of self-representation, and they therefore argue they are not precluded under *Trope, supra,* 11 Cal.4th 274, from recovering attorney fees.  Relying on the recent ruling in *Gorman, supra,* 178 Cal.App.4th 44 -- that allowed an attorney litigant to recover attorney fees for services rendered on his behalf by associates and paralegals of his firm -- plaintiffs contend that they are entitled to the requested fee award here."  (*Carpenter, supra,* 195 Cal.App.4th at p. 384.)

10

*Carpenter* reasoned, "Contrary to plaintiffs' assertion, the issue of whether Ms. Klein was acting in her capacity as an associate attorney or as an independent contractor is significant to the disposition of the appeal. And, the trial court found she was an associate, a factual finding that was supported by substantial evidence, including the declaration of Mr. Carpenter that Ms. Klein was an associate in the firm of Carpenter & Zuckerman and the page from the State Bar Web site showing the firm of Carpenter & Zuckerman as Ms. Klein's address of record. In accepting the trial court's finding that Ms. Klein was an associate, we examine whether, under these circumstances, plaintiffs are entitled legally to attorney fees—a question we review de novo.

"Plaintiffs' reliance on *Gorman, supra,* 178 Cal.App.4th 44, is misplaced. As discussed above, the associate attorney in that case represented attorney Gorman *in connection with a personal matter* concerning the defective construction of his home. Thus, the associate was not representing the interests of the law firm for which he worked, but rather the personal interests of one of its partners. (See *id*. at p. 91.) As the court in that case concluded, the associate's legal services on behalf of Attorney Gorman and his wife were analogous to the services rendered to the attorney litigant by other members of his firm in *Gilbert, supra,* 87 Cal.App.4th 212. In that case, the court emphasized that those other members of the firm represented the attorney litigant's personal interests, whereas in *Trope, supra,* 11 Cal.4th 274, the partner represented his law partnership's interest in a collection action.

"Ms. Klein was representing the interests of the law firm for which she worked – not just the personal interests of individual partners in that firm, such as in Gilbert, *supra*, 87 Cal.App.4th 212. Although she was not a partner in that firm, she, as an employee of the firm, acted on behalf of the firm in protecting it from potential liability from defendants' cross-claims. Moreover, unlike the in-house counsel in *PLCM, supra,* 22 Cal.4th 1084, who was employed by and represented the interests of the corporation, Ms. Klein's status as an associate suggests that she was hired primarily to represent the interests *of the clients* of the plaintiff law firm. There is no suggestion that she functioned as in-house counsel to the firm. Based on Ms. Klein's status as an associate,

11

the law firm and its partners, in seeking to recover the reasonable value of her services on appeal, in effect, were seeking to recover 'lost opportunity costs' (*PLCM, supra*, 22 Cal.4th at p. 1093; see *Gilbert, supra,* 87 Cal.App.4th at p. 221), i.e., the value they would have received from a client had Ms. Klein expended a comparable amount of hours representing that client's interests. The involvement of 'lost opportunity costs' is one rationale for denying attorney fees for self-representation. (*PLCM, supra,* 22 Cal.4th at p. 1093.) Therefore, notwithstanding that Ms. Klein was not a partner of the law firm plaintiff with a direct financial interest in the outcome of the claims asserted against it, she was an employee of that firm hired primarily to perform services for firm clients and, presumably, to generate profits for the firm. This status distinguishes her from the 'independent third party' in-house counsel in *PLCM* and makes her status analogous to the attorneys who represented their pro se law firm in *Witte, supra*, 141 Cal.App.4th 1201. As the court in that case observed, the attorneys of the pro se law firm were the 'product' of the firm and were therefore 'comparable to a sole practitioner representing himself or herself.' (*Id*. at p. 1211.)" (*Carpenter, supra,* 195 Cal.App.4th at pp. 384-385.)

f. *Summary.*

The teaching of *Trope* and its progeny is that law firms and attorney litigants are precluded from recovering attorney fees for self-representation. (*Trope, supra*, 11 Cal.4th 274; *Witte, supra*, 141 Cal.App.4th 1201; *Carpenter, supra,* 195 Cal.App.4th 373.)

On the other hand, a corporate litigant which is represented by in-house counsel may recover attorney fees. (*PLCM, supra,* 22 Cal.4th 1084.)

Further, attorney litigants who retain other attorneys to represent their personal interests may recover attorney fees, just like nonattorney litigants. Thus, an attorney litigant who is represented by other attorneys in a matter involving the attorney's personal interests may recover attorney fees, even if represented by other attorneys within the firm. (*Gorman, supra*, 178 Cal.App.4th at pp. 91, 96 [attorney litigant was represented by an associate in connection with a personal matter concerning defective

12

construction of his home]; *Gilbert, supra*, 87 Cal.App.4th at p. 214 [attorney litigant was sued personally for allegedly preventing lessee from recovering its property from the leased premises].)

Bearing these principles in mind, we turn to Soni's arguments on appeal.

3. *Record supports trial court's denial of Soni's request for attorney fees; trial court properly rejected Soni's claim he was a sole practitioner who hired other attorneys to represent his interests.*

As indicated, Mr. Soni asserts he is merely an individual doing business under a fictitious name as The Soni Law Firm, rather than a law firm, and that he employed *outside counsel* or independent contractors to represent him in recovering fees owed by Wellmike. Arguing that because he was not self-represented, he is entitled to an award of attorney fees as the prevailing party, pursuant to the attorney fee provision in the retainer agreement.

To reiterate the trial court's ruling, "Although 'The Soni Law Firm' is identified as the fictitious business name for Mr. Soni, there is ample evidence that it operates as a law firm and that the attorneys who represented the law firm in this action are its employees. [Citation.] Therefore, based on the rule set forth in *Trope v. Katz* (1995) 11 Cal.4th 274 and *Carpenter & Zuckerman v. Cohen* (2011) 195 Cal.App.4th 373, attorney's fees are not recoverable because the law firm was represented by an employee or associate of the firm." The trial court's ruling is supported by the law and the facts and therefore will be upheld.

a. *Pertinent evidence.*

The evidence submitted by Wellmike in support of its opposition to Soni's motion for attorney fees included the following:

(1) A page from the State Bar website showing Mr. Soni's contact information is "The Soni Law Firm" at 35 North Lake Avenue, Suite 720, in Pasadena.

(2) Pages from the State Bar website showing The Soni Law Firm's address is also the contact information for attorneys Michael Danton Richardson and Leo E. Lundberg.

13

(3) The caption of Soni's pleading indicating that Lundberg and Richardson of "The Soni Law Firm" were attorneys for The Soni Law Firm.

(4) A declaration by Richardson, filed in this litigation in October 2010, in support of Soni's motion to be relieved from waiver of objections to discovery. In the declaration, Richardson stated, under penalty of perjury: "*I am a member of The Soni Law Firm* ('SONI'), and I serve as counsel to SONI as the Plaintiff in this action." (Italics added.)

This evidence supports the trial court's factual finding that Soni operated as a law firm, and also supports the trial court's rejection of Mr. Soni's claim that he was a sole practitioner who hired outside counsel/independent contractors to represent his interests in the collection action against Wellmike. On this record, the trial court properly found, "Although 'The Soni Law Firm' is identified as the fictitious business name for Mr. Soni, there is ample evidence that it operates as a law firm and that the attorneys who represented the law firm in this action are its employees."[3]

b. *No recovery of attorney fees for law firm's representation by its own attorneys.*

It is settled that Mr. Soni dba The Soni Law Firm would not be able to recover contractual attorney fees had he been represented by Mr. Soni, a sole practitioner. It is also settled that if The Soni Law Firm had represented itself in litigation, it would not be able to recover for its own attorney fees. (*Trope, supra*, 11 Cal.4th 274; *Witte, supra,* 141 Cal.App.4th at p. 1211; *Gorman, supra*, 178 Cal.App.4th at p. 93.)

---

[3] In the reply brief, Soni contends "the evidence cited by Defendants (i.e., that Soni's attorneys have offices at Soni's office, that they are covered by Soni's insurance, that the attorneys' income is reported via W2s rather than form 1099, etc.) does not alter the fact that The Soni Law Firm is a d.b.a. of Soni and not a separate legal entity." The argument is unavailing. It is not this court's role to reweigh the evidence, but merely to determine whether the trial court's factual findings are supported by substantial evidence. For the reasons stated, the trial court properly found Soni operated as a law firm and was represented in this litigation by its own employees or associates.

14

However, Soni contends that like the attorney litigants in *Gilbert* and *Gorman*, he is entitled to recover for the fees incurred for the services of attorneys he employed to recover fees owed by Wellmike. Soni's reliance on these cases, summarized *ante*, is clearly misplaced.

In *Gorman*, an associate attorney represented attorney Gorman in connection with a *personal matter* concerning the defective construction of his home. (*Gorman, supra*, 178 Cal.App.4th at pp. 53-54.) Thus, the associate was not representing the interests of the law firm for which he worked, but rather the personal interests of one of its partners.

Similarly, in *Gilbert*, other members of his firm represented attorney Gernsbacher's "personal interests" in landlord/tenant litigation; the representation "involved the lawyer's personal interests and not those of the firm." (*Gilbert, supra*, 87 Cal.App.4th at p. 214.) *Gilbert* recognized it would be "inequitable in the extreme to permit Gernsbacher to recover fees incurred by outside counsel, but deny him such recovery merely because his counsel are members of the same law firm as he." (*Id*. at p. 223.)

In contrast, here, as in *Carpenter*, the associates of the law firm represented the interests of the firm for which they worked, as opposed to the personal interests of a member of the firm. (*Carpenter, supra*, 195 Cal.App.4th at p. 385.) In this litigation, Soni's associates were working to recover some $28,000 in attorney fees for legal services the Soni firm had rendered to Wellmike. Thus, in working to recover fees owed by Wellmike, the associates were performing services for the law firm which employed them. Accordingly, this case is governed by the general rule that a law firm which represents itself in litigation cannot recover its own attorney fees. (*Trope, supra,* 11 Cal.4th 274.)[4]

---

[4]   Obviously, had Soni hired outside counsel to prosecute this fee dispute against Wellmike, *Trope* and its progeny would not preclude Soni's recovery of reasonable attorney fees as the prevailing party in the litigation.

15

## DISPOSITION

The order denying Soni's motion for attorney fees is affirmed.  Respondents shall recover their costs on appeal.

**CERTIFIED FOR PUBLICATION**


KLEIN, P. J.


We concur:


KITCHING, J.


ALDRICH, J.

16