Filed 12/13/24  Paige v. Nolan CA2/5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| JEAN PAIGE,<br><br>    Plaintiff and Appellant,<br><br>    v.<br><br>RONALD NOLAN,<br><br>    Defendant and Respondent. | B322162<br><br>(Los Angeles County Super. Ct. No. PC056813) |

APPEAL from a judgment of the Superior Court of Los Angeles County, Melvin D. Sandvig, Judge.  Affirmed.

Mark Carton for Plaintiff and Appellant.

DiDonato Law Center and Peter R. DiDonato for Defendant and Respondent.

_____

Plaintiff and appellant Jean Paige refused a settlement offer under Code of Civil Procedure section 998, but after a jury trial, judgment was entered in favor of her former attorney, defendant and respondent Ronald Nolan, in this professional negligence action.  Paige appeals from a portion of a post-judgment order denying her motion to tax expert witness fees.[1]  On appeal, Paige contends the trial court failed to consider her inability to pay costs, and the evidence supporting expert witness fees was insufficient because the records did not list the hours expended for different tasks.  Nolan filed a cross-appeal from a portion of the same order denying his motion for attorney fees.  Nolan contends he was entitled to an award of attorney fees as the prevailing party under the parties' contingency fee agreement

We conclude the record is inadequate to review the trial court's discretionary rulings, because there is no reporter's transcript or suitable substitute for the hearing on the motion to tax costs and the motion for attorney fees.  Even if we were to find the record adequate for review, however, no abuse of discretion has been shown, and therefore, we affirm.

### FACTUAL AND PROCEDURAL BACKGROUND

In January 2016, Paige filed the instant action against Nolan for professional negligence.  On November 14, 2017, Paige filed the operative second amended complaint alleging causes of action for breach of contract, professional negligence, breach of fiduciary duty, negligent misrepresentation, equitable estoppel, and declaratory relief.  She alleged that she engaged Nolan to

---

[1] At oral argument on appeal, Paige withdrew a challenge to the portion of the order awarding photocopying costs.

represent her in trip and fall matter, but he failed to file a personal injury lawsuit on her behalf before the expiration of the applicable statute of limitations, then resigned as her attorney. She signed a legal services contingency agreement, but Nolan failed to sign the agreement or provide a copy to her. She alleged, however, that Nolan ratified the agreement by signing other documents stating that he was acting as her attorney.

Paige attached to the operative complaint a copy of the contingency fee agreement that she executed. The agreement contained an attorney fees provision stating that if it became necessary "to commence legal proceedings for the collection of any sums due us from you under this Agreement, you will pay our reasonable attorneys' fees, court costs, and other reasonable costs of collection." After the client signature lines, the agreement stated, "This retainer shall not become effective until Attorney has signed and dated this agreement. Client shall have no right to enforce this agreement or employment of Attorney without a signed version of this agreement by Attorney." The signature lines for the attorney were left blank. Paige also attached documents Nolan signed as her attorney.

On September 23, 2019, Nolan offered to settle under Code of Civil Procedure section 998 for payment of $3,000 to Paige, which Paige declined.

The first phase of trial commenced on January 10, 2022. Nolan's accident reconstruction expert Jeffrey Hughes testified over two days. At the conclusion of the first phase, the jury found Paige could not have proven liability against the alleged tortfeasors in a personal injury action. The court entered judgment in favor of Nolan on January 13, 2022.

3

On January 27, 2022, Nolan filed a memorandum of costs. Among other items, he requested $15,476 for expert witness fees. In support of the expert witness fees, he included a list of the total hours expended by Hughes' employer at different billing rates. He also submitted several invoices from Hughes' employer listing the tasks completed in connection with Hughes' testimony, as well as a list of the people and departments, their billing rates, and the total amount charged for each. The invoices did not list the amount of time spent for a particular task or which individual performed the task. Nolan also requested attorney fees in the amount of $60,657.

On February 15, 2022, Paige filed a motion to tax costs. She argued the expert witness fees were excessive and the documentation was insufficient because it did not specify the amount of time spent on each task or the specific cost of each task. Paige asserted expert witness fees in the range of $4,500 to $6,500 would be more reasonable, but she did not support this assertion with any evidence.

Paige opposed the request for attorney fees on the ground that fees were not authorized by statute or contract. She argued the fee agreement was not signed, and therefore, was unenforceable under Business and Professions Code section 6147. In addition, the attorney fee provision of the agreement was limited and inapplicable to the present litigation. The agreement was unenforceable for failing to disclose that Nolan did not carry malpractice insurance, and Nolan was judicially estopped from arguing it was enforceable by his prior arguments.

Nolan filed an opposition to the motion to tax costs. On March 2, 2022, he also filed a separate motion for award of attorney fees in the amount of $60,657.50 based on the written

4

contract and Civil Code section 1717. He attached the contingency fee agreement that Paige had signed, but that he had not signed. Paige opposed the motion for attorney fees.

On May 19, 2022, a hearing was held on the motion to tax costs and the motion for attorney fees. No reporter's transcript or suitable substitute has been included in the appellate record. The trial court took the matter under submission, then issued a minute order with the court's ruling later that day. As to expert witness fees, the court noted that Paige complained there was no breakdown of the time spent on different tasks for four hours of testimony, but the court noted that it was her burden to demonstrate the costs were unreasonable. The number of hours of testimony during trial was not sufficient to show the costs were unreasonable. Regardless of the time allotted to each task, Paige did not identify any tasks that were not necessary. In opposition, Nolan had noted the costs were necessary to review documents and depositions, visit the scene of the alleged accident, and testify at trial. The trial court found the expert witness costs were reasonable.

The court found the attorney fee provision of the agreement applied solely to a legal proceeding commenced to collect outstanding balances from clients. The instant action was not a fee collection matter. Nolan was not entitled to attorney fees because the contract did not provide for fees under the circumstances of this case. The court denied attorney fees.

On June 21, 2022, the trial court entered a revised judgment, noting that Nolan's motion for attorney fees had been denied, and including an award of costs to Nolan in the total amount of $24,474. Each party filed a timely notice of appeal from the judgment.

5

# DISCUSSION

## I. Standards of Review and Inadequacy of the Appellate Record

We conclude that in the absence of a reporter's transcript or suitable substitute for the hearing on the motion to tax costs and the motion for attorney fees, the appellate record is inadequate to demonstrate that the trial court abused its discretion.

We review a trial court's ruling on a motion to tax costs for abuse of discretion. (*Coastline JX Holdings LLC v. Bennett* (2022) 80 Cal.App.5th 985, 1013.) An appellate court will not disturb discretionary rulings of the trial court unless appellant can demonstrate a clear abuse of discretion amounting to a miscarriage of justice. (*Denham v. Superior Court* (1970) 2 Cal.3d 557, 566.) Discretion is abused only where it appears that the trial court "exceed[ed] the bounds of reason, all of the circumstances before it being considered." (*Loomis v. Loomis* (1960) 181 Cal.App.2d 345, 348−349.)

The trial court's ruling on a motion for attorney fees is also reviewed for an abuse of discretion. (*Soni v. Wellmike Enterprise Co. Ltd.* (2014) 224 Cal.App.4th 1477, 1481.) "However, the determination of whether the criteria for an award of attorney fees and costs have been met is a question of law for our de novo review. [Citations.] As for any disputed factual issues, the trial court's findings are reviewed under the substantial evidence rule and must be affirmed if supported by substantial evidence. [Citation.]" (*Ibid.*)

6

A judgment or order of the lower court is presumed to be correct, however, and an appellant bears the burden of overcoming this presumption by affirmatively showing error on an adequate record. (*Ketchum v. Moses* (2001) 24 Cal.4th 1122, 1140–1141.) Under California Rules of Court, rule 8.120(b), "[i]f an appellant intends to raise any issue that requires consideration of the oral proceedings in the superior court, the record on appeal must include a record of these oral proceedings in the form of one of the following: [¶] (1) A reporter's transcript under rule 8.130; [¶] (2) An agreed statement under rule 8.134; or [¶] (3) A settled statement under rule 8.137."

In an appeal involving the abuse of discretion standard of review, a reporter's transcript or an agreed or settled statement of the proceedings is often indispensable. (See, e.g., *Vo v. Las Virgenes Municipal Water Dist.* (2000) 79 Cal.App.4th 440, 448 ["The absence of a record concerning what actually occurred at the trial precludes a determination that the trial court abused its discretion"]; see *Southern California Gas Co. v. Flannery* (2016) 5 Cal.App.5th 476, 487 [without reporter's transcript or suitable substitute, appellant cannot demonstrate an award of attorney fees constituted an abuse of discretion].)

In this case, both parties elected on appeal to proceed without a reporter's transcript or a suitable substitute. The trial court's order must be affirmed because the record provided by the parties is inadequate to show the trial court abused its discretion in finding the requested costs were reasonable and in declining to award attorney fees. We cannot presume the trial court has erred. "The 'experienced trial judge is the best judge of the value of professional services rendered in his court, and while his judgment is of course subject to review, it will not be disturbed

7

unless the appellate court is convinced that it is clearly wrong.' " (*Serrano v. Priest* (1977) 20 Cal.3d 25, 49.)  The absence of a record concerning what actually occurred at the hearing precludes a determination that the trial court abused its discretion.

## II.  Motion to Tax Costs

Even were we to find the record adequate, however, no abuse of discretion has been shown.  In her briefs on appeal, Paige contends in a single sentence that the trial court awarded costs without considering her ability to pay, but she provides no further analysis through citation to the record or any relevant case law on the issue of a party's ability to pay costs.  "The reviewing court is not required to develop the parties' arguments or search the record for supporting evidence and may instead treat arguments that are not developed or supported by adequate citations to the record as waived." (*Meridian Financial Services, Inc. v. Phan* (2021) 67 Cal.App.5th 657, 684.)  Any contention concerning the trial court's assessment of Paige's ability to pay costs is treated as waived.

Paige also contends there was no substantial evidence to support the award of expert witness fees, because the invoices submitted did not show the time spent on each task, only the total amount of time expended and a list of tasks performed.  Her analysis is incorrect.  Nolan substantiated his request for expert witness fees with invoices showing the total amount that he was charged for expert witness services, as well as the tasks performed.  Paige did not persuasively argue or provide evidence that the amount was excessive or unreasonable.  The trial court

8

was in the best position to assess the reasonableness of the expense in light of the testimony that was presented at trial.  No abuse of discretion has been shown.

## III.  Motion for Award of Attorney Fees

Even were we to conclude the record is adequate to review the trial court's ruling denying attorney fees, we would find no abuse of discretion.  Nolan contends he was entitled to an award of attorney fees as the prevailing party in an action on a contract.  We disagree.  The attorney fee provision at issue in this case did not provide for the recovery of fees in these proceedings.

The gravamen of Paige's causes of action was her claim for professional negligence:  Nolan agreed to represent her, but failed to file a timely action.  A claim for professional negligence sounds in tort.  (*Loube v. Loube* (1998) 64 Cal.App.4th 421, 430.)  An action for professional negligence is not an action "on the contract."  (*Ibid.*)

The attorney fees provision in this case was narrowly drawn to provide a right to recover fees in "legal proceedings for the collection of any sums due us from you under this Agreement."  It did not provide for the recovery of fees in any action arising out of the retainer agreement, which would have encompassed both tort and contract claims.  It did not even provide for the recovery of fees in any action to enforce the terms of the agreement, which would encompass any action on the contract.  The provision was specifically limited to proceedings concerning the fees due under the agreement.  Had the allegations of the complaint concerned the fees due under the agreement, then by operation of Civil Code section 1717, the

9

prevailing party would have been entitled to an award of attorney fees. Paige's causes of action, however, are outside the limited scope of the attorney fee agreement in this case. We agree with the trial court's finding that the instant action for malpractice was not a proceeding concerning the fees due under the agreement, and therefore, was not covered by the attorney fee provision. The trial court properly declined to award attorney fees and no abuse of discretion has been shown.

## DISPOSITION

The June 21, 2022 judgment is affirmed. The parties are ordered to bear their own costs on appeal.

NOT TO BE PUBLISHED.


MOOR, J.


WE CONCUR:


BAKER, Acting, P. J.


KIM (D.), J.


10