Filed 11/30/23  Northpoint Capital Fund v. McClenahan CA6

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| NORTHPOINT CAPITAL FUND, LLC, <br><br> Plaintiff and Respondent, <br><br> v. <br><br> JAMES MCCLENAHAN, <br><br> Defendant and Appellant. | H050514 <br> (Santa Clara County <br> Super. Ct. No. 20CV373467) |

Northpoint Capital Fund, LLC (Northpoint) successfully moved for summary judgment against James McClenahan and additional defendants on six causes of action stemming from defendants' fraudulent conveyance of a deed of trust.  Following entry of judgment, Northpoint was awarded $31,617 in attorney fees and sanctions.

McClenahan appeals, arguing the trial court improperly entered an "amended judgment" six months after the original judgment, and erred by awarding fees against him when he was not a signatory to the underlying deed of trust.  We conclude the amended judgment did not alter the original judgment in the manner McClenahan contends, so we need not decide whether it was improperly entered.  We also determine that the trial court did not err in awarding fees against McClenahan.  Accordingly, we affirm.

# I. FACTUAL AND PROCEDURAL BACKGROUND[1]

## A. The promissory note and deed of trust

On October 30, 2018, Northpoint and defendant The Overlook Road Los Gatos Development, LLC (Overlook) executed a promissory note and deed of trust secured by certain real property located in Los Gatos (deed of trust).[2]  Saul Flores signed the deed of trust on behalf of Overlook as its manager and chief executive officer.  McClenahan, a licensed real estate professional and a member of Overlook, drafted the terms of the deed of trust.

Northpoint was designated as the beneficiary and Overlook as the trustor under the deed of trust.  After Overlook failed to make payments to Northpoint, Overlook and Northpoint executed an "updated installment note" on April 24, 2019.  Although repayment of the loan was due no later than July 31, 2019, Overlook again failed to make any payments.

## B. The fraudulent conveyance

Before Northpoint could foreclose on the deed of trust, defendants conspired to record a fraudulent "substitution of trustee and deed of full reconveyance" to transfer the deed to their own newly created entity.  First, Flores and McClenahan created and registered a new California limited liability company on June 24, 2020, which they named "Northpoint Capital Fund, LLC" (Northpoint California), with the same business

---

[1] We take our facts from Northpoint's unopposed separate statement of undisputed facts, which resulted in the trial court granting Northpoint's unopposed motion for summary judgment.

[2] "A deed of trust to real property acting as security for a loan typically has three parties: the trustor (borrower), the beneficiary (lender), and the trustee.  'The trustee holds a power of sale.  If the debtor defaults on the loan, the beneficiary may demand that the trustee conduct a nonjudicial foreclosure sale.' "  (*Yvanova v. New Century Mortgage Corp.* (2016) 62 Cal.4th 919, 926, quoting *Biancalana v. T.D. Service Co.* (2013) 56 Cal.4th 807, 813.)

address as Overlook and McClenahan.[3] They intentionally used the same name of plaintiff Northpoint to create confusion as to the beneficiary of the deed of trust. Flores was designated as the manager and chief executive officer of Northpoint California.

Second, on September 3, 2020, Northpoint California recorded a notice substituting itself as trustee of the deed of trust, and reconveying the deed of trust (fraudulent reconveyance deed). The fraudulent reconveyance deed stated in pertinent part: "The undersigned, present Benficiary/ies, of the Deed of Trust dated 10/30/2018 executed by the Overlook Road Los Gatos Development LLC as Trustor(s), to as original Trustee, for Northpoint Capital Fund LLC as Beneficiary/ies), Recorded on 10/31/2018 … do(es) in accordance with the provisions of said Deed of Trust, hereby appoints and substitutes itself, Northpoint Capital Fund LLC as Trustee in place and instead of the current Trustee, and do(es) hereby vest in said Substituted Trustee, all the rights, title, estate, power, duty and trusts conferred by said Deed of Trust upon the Trustee therein named. And whereas the indebtedness secured, by the Deed of Trust above mentioned is unenforceable. [¶] As such duly appointed and substituted Trustee, Northpoint Capital Fund LLC, hereby accepts said appointment as Trustee under the above Deed of Trust, as successor Trustee, and pursuant to the request of said beneficiary and in accordance with the provisions of said Deed of Trust, does hereby reconvey without warranty, to the person or persons legally entitled thereto, all the estate, title and interest now held by said trustee under said Deed of Trust."

The fraudulent reconveyance deed was signed by Flores as "Member" of Northpoint California. McClenahan approved of and participated in the plan to substitute Northpoint California as trustee.

---

[3] We label the California entity as "Northpoint California" to distinguish it from plaintiff Northpoint, a Delaware limited liability company.

### C. Complaint

On November 13, 2020, Northpoint filed the initial complaint in this action.  It filed the operative first amended complaint on December 20, 2020, naming Northpoint California, Overlook, and McClenahan as defendants. (complaint).  The complaint alleged causes of action for fraud, declaratory relief, breach of fiduciary duty, aiding and abetting breach of fiduciary duty, conspiracy, and conversion of collateral.  According to Northpoint, the gravamen of its complaint was that defendants conspired to unlawfully remove the collateral for the loan.

### D. Discovery

On January 27, 2021, Northpoint submitted requests for admissions to each defendant.  After defendants failed to respond, Northpoint filed a motion on May 21, 2021, to deem the requests admitted.  Defendants did not oppose or otherwise respond to the motion, which the trial court granted on July 29, 2021.  The court also awarded Northpoint $1,250 in attorney fees as sanctions against defendants.

### E. Summary judgment

Northpoint moved for summary judgment on September 22, 2021.  Defendants did not oppose or otherwise respond to the motion.  The trial court granted the motion in its entirety on April 1, 2022.

Judgment was then entered the same day in favor of Northpoint against all defendants (original judgment).  The original judgment provided that the deed of trust recorded on October 31, 2018, "is reinstated," and that the fraudulent reconveyance deed recorded on September 3, 2020 "is vacated."  In addition, it provided that judgment was entered in favor of Northpoint against all defendants for the $1,250 in discovery sanctions previously ordered.  Lastly, it provided that Northpoint was the prevailing party and therefore entitled to recover its reasonable costs.  Notice of entry of judgment was filed and served on April 7, 2022.

4

### F. Attorney fees

Northpoint filed a motion for attorney fees on May 26, 2022. It argued that attorney fees were authorized pursuant to Civil Code section 1717 for an "action on a contract," because the attorney fees provision in the deed of trust was specifically intended to protect its security interest.

The deed of trust provided: "To protect the security of this Deed of Trust, and with respect to the property above described, Trustor agrees… to appear in and defend any action or proceeding purporting to affect the security hereof of the rights or power of Beneficiary of Trustee; and to pay all costs and expenses, including cost of evidence of title and attorney's fees in a reasonable sum, in any action or proceeding in which Beneficiary or Trustee may appear, and in any suit brought by Beneficiary to foreclose this Deed of Trust." Accordingly, Northpoint argued, its claims were "an action on a contract" under Civil Code section 1717 because they involved a contract and one of the parties would have been entitled to recover attorney fees pursuant to that contract if it prevailed in its lawsuit. The gravamen of its lawsuit, Northpoint argued, was "to enforce the terms of the promissory note and deed of trust due to a breach of agreement."

Northpoint argued in the alternative that it was entitled to attorney fees pursuant to Code of Civil Procedure section 2033.420, due to the defendants' failure to admit the requests for admission. Northpoint sought $30,367.50 in attorney fees.

Defendants opposed the motion on three grounds. First, they argued that Northpoint's action was not "on a contract" under the meaning of Civil Code section 1717 because it was not an action to enforce the deed of trust itself. Second, they argued that, even if the lawsuit could be construed as an action "on a contract," Northpoint could only theoretically recover fees from Overlook, the signatory to the deed of trust, and not from the other defendants, who were non-parties and not in privity of contract with Northpoint.

5

Third, they argued that attorney fees could not be recovered from Overlook, the only signatory to the contract, because it had filed for bankruptcy in June 2022, thereby staying all legal proceedings against it outside of the bankruptcy action. Defendants attached to their opposition a purported copy of a notice of bankruptcy filing in U.S. Bankruptcy Court.

The trial court granted Northpoint's motion. It cited the operative language from the deed of trust which Northpoint relied on, and held that "the mutual intent of the parties evidenced from the express provision is sufficiently clear and provides for recovery of all costs and reasonable attorneys' fees in 'any action or proceeding in which Beneficiary or Trustee may appear,' " which includes " 'any action or proceeding purporting to affect the security hereof or the rights or powers of Beneficiary or Trustee.' " The court explained that the language in the contract was broad in scope and not limited to actions to enforce the note and deed of trust. Accordingly, it included both contractual and non-contractual causes of action, including tort, declaratory relief, breach of fiduciary duty or other claims, "provided the cause of action affects the security or rights or powers of the plaintiff-beneficiary under the deed of trust." The causes of action alleged in the complaint, the court held, "pertain to and affect the security and the rights of the beneficiary (plaintiff) and/or the trustee under the deed of trust…."

The trial court also held that the summary judgment and judgment had been entered against all defendants on all causes of action, even though Overlook was the only signatory to the deed of trust. According to the court, that constituted "proof of the elements and allegations of the causes of action, including that each defendant is the alter ego of the other defendants." The court noted that Northpoint's complaint had included allegations within each cause of action that each defendant was the alter ego of the other defendants, and Northpoint prevailed on those claims.

6

Lastly, the court held that the automatic stay resulting from the bankruptcy filing applied only to debtor-defendant Overlook, but not to non-debtors, defendants Northpoint California and McClenahan.

The court awarded Northpoint $30,367 in attorney fees, plus $1,250 for the attorney fees previously ordered to be paid as sanctions for the discovery violations. The award was made against defendants Northpoint California and McClenahan, "jointly and severally."

The attorney fees order was entered on August 30, 2022.

### G. Amended judgment

On October 18, 2022, a document labeled "amended judgment" was filed in the trial court. The amended judgment included some of the same language as the original judgment entered in April 2022, providing that judgment is entered in favor of Northpoint and against all defendants; the original deed of trust is "reinstated"; and the fraudulent reconveyance deed is "vacated." The amended judgment also included language from the attorney fees order, providing that judgment was further entered in favor of Northpoint against all defendants in the amount of $31,617, "which is reasonable attorneys' fees awarded, including a prior discovery sanction that the Defendants have not paid."

### H. Appeal

McClenahan filed his first notice of appeal on October 19, 2022, appealing the attorney fees order. The next day, McClenahan filed an amended notice of appeal purporting to appeal both the attorney fees order and the "putative amended judgment."

## II. DISCUSSION

McClenahan presents three arguments on appeal. First, he argues the amended judgment, made and entered without any notice to defendants, constituted an improper *sua sponte* modification of the original judgment by the trial court and is therefore void. Second, he argues attorney fees cannot be awarded as costs under Civil Code section

7

1717 based on a contract against parties who are not in privity under the contract. Third, he argues in the alternative that attorney fees cannot be awarded as costs as an element of damages if the judgment did not award damages.

We address these in turn below.[4]

### A. *Applicable law and standards of review*

#### 1. *Amending or modifying a judgment*

" 'The general rule is that once a judgment has been entered, the trial court loses its unrestricted power to change that judgment. The court does retain power to correct clerical errors in a judgment which has been entered. However, it may not amend such a judgment to substantially modify it or materially alter the rights of the parties under its authority to correct clerical error. [Citations.]' " (*Rochin v. Pat Johnson Manufacturing Co.* (1998) 67 Cal.App.4th 1228, 1237.)

After judgment has been entered, a trial court retains jurisdiction for a limited period of time to entertain and grant motions for a new trial, for a judgment notwithstanding the verdict, to vacate a judgment and enter a different judgment, or for relief from a judgment entered through mistake, inadvertence, surprise or neglect, all pursuant to prescribed statutory procedures. (*Id.*, citing *Craven v. Crout* (1985) 163 Cal.App.3d 779, 782-783.)

" 'A clerical error in the judgment includes inadvertent errors made by the court "which cannot reasonably be attributed to the exercise of judicial consideration or discretion." [Citations.] "Clerical error ... is to be distinguished from judicial error which cannot be corrected by amendment. The distinction between clerical error and judicial

---

[4] Northpoint did not file a respondent's brief or appear in this appeal, after its attorney substituted out. A limited liability company may not represent itself in propria persona, and Northpoint failed to retain counsel within the time allotted by this court. (*Merco Construction Engineers, Inc. v. Municipal Court* (1978) 21 Cal.3d 724, 729-730.) We therefore decide the appeal on the opening brief and the record, bearing in mind that the appellant nevertheless retains the affirmative burden to show error. (*Smith v. Smith* (2012) 208 Cal.App.4th 1074, 1078; Cal. Rules of Court, rule 8.360(c)(5)(B).)

error is 'whether the error was made in rendering the judgment, or in recording the judgment rendered.' [Citation.] Any attempt by a court, under the guise of correcting clerical error, to 'revise its deliberately exercised judicial discretion' is not permitted. [Citation.]" [Citation.] A judicial error is the deliberate result of judicial reasoning and determination.' " (*Estate of Douglas* (2022) 83 Cal.App.5th 690, 695, quoting *Conservatorship of Tobias* (1989) 208 Cal.App.3d 1031, 1034-1035.)

Whether a judgment is void on its face is generally a question of law subject to independent review on appeal. (See, e.g., *Cruz v. Fagor America, Inc.* (2007) 146 Cal.App.4th 488, 496.)

### 2. *Awarding attorney fees*

"California follows the 'American rule,' under which each party to a lawsuit must pay its own attorney fees unless a contract or statute or other law authorizes a fee award." (*Eden Township Healthcare District v. Eden Medical Center* (2013) 220 Cal.App.4th 418, 425 (*Eden Township*), citing Code Civ. Proc., §§ 1021, 1033.5, subd. (a)(10), *Musaelian v. Adams* (2009) 45 Cal.4th 512, 516.) Where attorney fees awards are authorized by contract and incurred litigating claims that sound in contract, Civil Code section 1717 governs. (*Eden Township, supra,* at p. 425, citing *Frog Creek Partners, LLC v. Vance Brown, Inc.* (2012) 206 Cal.App.4th 515, 523.

Civil Code section 1717 provides in pertinent part: "In any action on a contract, where the contract specifically provides that attorney's fees and costs, which are incurred to enforce that contract, shall be awarded either to one of the parties or to the prevailing party, then the party who is determined to be the party prevailing on the contract, whether he or she is the party specified in the contract or not, shall be entitled to reasonable attorney's fees in addition to other costs." (Civ. Code, § 1717, subd. (a).)

" 'California courts construe the term "on a contract" liberally.' " (*Eden Township, supra,* 220 Cal.App.4th at p. 426, quoting *Turner v. Schultz* (2009) 175 Cal.App.4th 974, 979.) "The phrase 'action on a contract' includes not only a traditional

action for damages for breach of a contract containing an attorney fees clause [citation], but also any other action that 'involves' a contract under which one of the parties would be entitled to recover attorney fees if it prevails in the action [citation]." (*Eden Township, supra*, at p. 426.) " 'In determining whether an action is "on the contract" under section 1717, the proper focus is not on the nature of the remedy, but on the basis of the cause of action.' " (*Id.,* quoting *Kachlon v. Markowitz* (2008) 168 Cal.App.4th 316, 347.)

Although an order granting an award of attorney fees is generally reviewed for abuse of discretion, issues of law concerning entitlement to attorney fees are reviewed de novo. (*Roe v. Halbig* (2018) 29 Cal.App.5th 286, 298 [discretionary decision on propriety or amount of fees to be awarded, but " 'determination of the legal basis for an attorney fee award is a question of law to be reviewed de novo' "]; *Rickley v. Goodfriend* (2012) 207 Cal.App.4th 1528, 1533; *Carpenter & Zuckerman v. Cohen* (2011) 195 Cal.App.4th 373, 378.) An order awarding attorney fees, made after entry of judgment, is separately appealable. (*DeZerega v. Meggs* (2000) 83 Cal.App.4th 28, 43, citing *Soldate v. Fidelity National Financial, Inc.* (1998) 62 Cal.App.4th 1069, 1073.)

### B. Analysis

#### 1. Amended judgment

McClenahan argues that the amended judgment improperly sought to amend the original judgment in a material way, to render him " 'jointly and severally' liable with his co-defendants below, after the original judgment became final no later than June 1, 2022." He claims the amended judgment went "well beyond the actual terms of the [original judgment] which contains no mention of torts nor breach of contract, but only removes a cloud on title, without reference to any money damages." He argues that the " 'judicial' changes between the two judgments, aside from repeating the prior title rulings, is [sic] the second document alters the finding regarding discovery sanctions, and adds language creating 'joint and several' liability…."

10

As a threshold matter, the record does not specify whether the amended judgment intended to amend the original judgment entered in April 2022, the attorney fees order entered in October 2022, or both. McClenahan presumes it intended to amend the original judgment. However, the amended judgment did not identify the underlying judgment being modified, and the proposed order cover sheet submitted by Northpoint's counsel omitted information regarding the description, date or time of the relevant proceeding.

In actuality, the amended judgment appears to have combined the terms of the original judgment and the attorney fees order. It first restated the language of the original judgment verbatim, except for the language regarding the discovery sanctions. It then restated the language from the attorney fees order awarding $31,617 to Northpoint against defendants Northpoint California and McClenahan jointly and severally, which included the $1,250 in discovery sanctions.

For this reason, the amended judgment did not alter the original judgment or the attorney fees order in the manner McClenahan contends—that is, it did not materially alter the parties' rights by newly rendering McClenahan jointly and severally liable with his co-defendants below. Instead, as we have explained, the original judgment and the attorney fees order had already established that McClenahan was jointly and severally liable.

McClenahan argues that the "obvious motive" for the amended judgment was to make up for a perceived gap in liability created by the bankruptcy filing and the limited scope of relief in the original judgment—"i.e., to add 'joint and several' liability with the bankrupt entity to 'snag' appellant with personal liability." Whatever the motive may have been, though, there was no such gap in liability. McClenahan was already subject, along with his co-defendants, to the entirety of the original judgment, which stated: "judgment is entered in favor of Plaintiff Northpoint Capital Fund, LLC, a Delaware limited liability company, and against Defendants Northpoint Capital Fund, LLC, a

11

California limited liability company, The Overlook Road Los Gatos Development, LLC, and James McClenahan." Similarly, he was already jointly and severally liable for the attorney fees and discovery sanctions pursuant to the attorney fees order.

McClenahan argues that "summary modification of a judgment to add defendants as 'alter egos' of an entity defendant in order to open the door to personal liability is void [and] that appears to be exactly what the objective was in modifying the judgment," relying on *Tokio Marine & Fire Insurance Corp. v. Western Pacific Roofing Corp.* (1999) 75 Cal.App.4th 110. In *Tokio Marine*¸ the trial court had granted a motion to correct a clerical error in the judgment to add a different insurer as an additional judgment debtor. The court of appeal reversed, holding that the added insurer had not been a party to the action, but had only provided insurance to a party in the action, so there was no basis on which it could be summarily named as a new judgment debtor. (*Ibid.*)

We are not confronted with such facts here, though. Instead, as we have explained, the amended judgment did not add McClenahan as a new defendant or otherwise change his liability. He was already specifically named as a defendant in the original judgment, and as a jointly and severally liable defendant in the attorney fees order. McClenahan contends Overlook was the only defendant in privity with Northpoint so that the amended judgment "was an obvious attempt to 'rule around' the privity problem" resulting from Overlook's bankruptcy proceedings. As we explain further below, though, Overlook was not the only defendant in privity with Northpoint. Instead, the attorney fees order provided that the judgment had been entered against all defendants on all causes of action, which constituted "proof of the elements and allegations of the causes of action, including that each defendant is the alter ego of the other defendants." In other words, the amended judgment was not necessary to rule around a privity problem because no such problem existed.

Because the amended judgment did not alter the original judgment or the attorney fees order in the manner McClenahan contends, we need not decide if it was improperly entered and therefore void. Whether the amended judgment stands or falls, the outcome on this issue is the same—both the underlying judgment and the order awarding attorney fees will remain. The amended judgment essentially purported to combine those two judgments—whether it was necessary or proper to take that step in this case, we need not decide.

### 2. *Attorney fees award*

McClenahan argues that attorney fees cannot be awarded pursuant to Civil Code section 1717 against a party not in privity under the contract. He contends that "the only parties to the note and trust deed in this dispute were [Northpoint] and [Overlook]." In other words, because McClenahan did not sign the deed of trust, he was not a party to the contract and is not subject to a fee award under Civil Code section 1717.

However, McClenahan was established as the alter ego of Overlook. Accordingly, it is immaterial that he did not sign the contract. The California Supreme Court's opinion in *Reynolds Metals Co. v. Alperson* (1979) 25 Cal.3d 124 (*Reynolds Metals*), is on point. In that case, the court considered whether a plaintiff, having sued a non-signatory on the contract as if he were a contracting party, becomes liable for attorney fees pursuant to Civil Code section 1717 if the non-signatory prevails. The court held: "Had plaintiff prevailed on its cause of action claiming defendants were in fact the alter egos of the corporation [citation], defendants would have been liable on the notes. Since they would have been liable for attorney's fees pursuant to the fees provision had plaintiff prevailed, they may recover attorney's fees pursuant to section 1717 now that they have prevailed." (*Reynolds Metals, supra,* 25 Cal.3d at p. 129.) Here, Northpoint did prevail on its claim that McClenahan was the alter ego of Overlook; accordingly, it was entitled to recover attorney fees pursuant to the fees provision of the deed of trust and Civil Code section 1717. (See also, *Apex LLC v. Korusfood.com* (2013) 222 Cal.App.4th 1010, 1017–1018

["nonsignatory will be bound by an attorney fees provision in a contract when the nonsignatory party ' "stands in the shoes of a party to the contract" ' "].)

McClenahan argues that "the complaint does not contain any allegations of alter ego theory against [him]." He is incorrect. As we have noted, the complaint specifically alleged that "each defendant was the alter ego, agent, representative, subsidiary, affiliate and/or employee of each of the other defendants…."

McClenahan next argues that "there must be a judgment constituting a 'win' based on the contract containing the attorney fees clause, and fees cannot be awarded until there is." He contends the original judgment only determined that the fraudulent reconveyance deed was an "illegitimate cloud on title and void," so that Northpoint's relief was not "on the contract per se." As we summarized above, though, the phrase "action on a contract" within Civil Code section 1717 includes any action that *involves* a contract "under which one of the parties would be entitled to recover attorney fees if it prevails in the action [citation]." (*Eden Township, supra*, at p. 426.) The deed of trust here provided that the trustor agreed to pay reasonable attorney fees "in any action or proceeding in which Beneficiary or Trustee may appear," including "any action or proceeding purporting to affect the security hereof or the rights or powers of Beneficiary or Trustee." Under the standard articulated in *Eden Township*, Northpoint's action here was "on a contract" within the meaning of Civil Code section 1717.[5]

## III.    DISPOSITION

The attorney fees order is affirmed. No costs are awarded because Northpoint did not file a respondent's brief.

---

[5] McClenahan argues in the alternative that attorney fees cannot be awarded as costs as an element of damages if the judgment does not award damages. Instead, he argues, attorney fees are limited to those available under Civil Code section 1717, which he contends are unavailable here. Because we conclude that attorney fees were available under Civil Code section 1717, we need not address this alternative argument.

14

_____
                             Wilson, J.


WE CONCUR:


_____
                         Greenwood, P.J.


_____
                  Bamattre-Manoukian, J.


Northpoint Capital Fund, LLC v. McClenahan
H050514